## HAYDNVILLE MIN. & MANUF'G CO. *v.* ART INSTITUTE.

*(Circuit Court, N. D. Illinois. July 22, 1889.)*

1. **BUILDING CONTRACTS—CONSTRUCTION—EXTRA WORK.**
   Plaintiff agreed in writing to do all the fire-proofing work to be done on defendant's building, according to the drawings and specifications made by the architects, "which said drawings and specifications shall be considered a part of and equally binding with the contract." The price stated was $13,000, the defendant reserving "the right to throw out any part of the work called for on the 'bill of quantities,' and from the above amount to deduct at the rate of charge in said 'bill of quantities,' and extra work shall be charged in accordance with the figures on said 'bill of quantities.'" "For the several dimensions, the arrangement, and construction of said building reference will be had by the contractor to the accompanying design, * * * which design consists of the following drawings, to-wit, all necessary plans and specifications, and the hereto attached bid and bill of quantities." It appeared that plaintiff's bid had been larger, but he reduced it; it being understood that any deductions or extras were to be charged for at the rate mentioned in the bid, and for convenience the figures which accompanied the bid were attached to the contract. *Held,* that the "bill of quantities" was not intended to be a limitation upon or express the amount of work to be done for $13,000, but merely to furnish a basis for computing deductions or extras.

2. **SAME—COMPENSATION FOR DELAY.**
   The contract also provided: "Should delay be caused by other contractors to the positive hindrance of the contractor hereto, a just and proper amount of extra time shall be allowed by the architects, provided it shall have given written notice to said architects at the time of such hindrance or delay." The specifications stated that "the first two and three stories are ready for their floors, and the contractor may enter at once upon said work; arches in these three stories are to be completed on or before Sept. 30. The fourth (attic story's roof and partition) shall be completed in 30 days after the contractor has received notice that these stories are in readiness for his material." *Held,* that these stipulations for further time imply that there was to be no pecuniary compensation for delay to plaintiff caused by the other contractors.

At Law. On final hearing.
*Willard & Evans,* for plaintiff.
*Wallace Heckman,* for defendant.

BLODGETT, J. This is a suit to recover an alleged balance claimed to be due the plaintiff for doing the fire-proofing work upon the building in the city of Chicago known as the "Art Institute;" the balance in suit being for extras, or extra work, claimed to have been furnished by the plaintiff over and above that called for by the contract; plaintiff's claim

aggregating $3,263, and defendant admitting that there is a balance of $648 due the plaintiff.

The main contention in the case is over the construction to be given the contract. The contract under which the plaintiff did the fire-proofing work upon the building in question was in writing, and bears date August 30, 1886, in which the plaintiff agrees to do all the fire-proofing work to be done in the building in question, according to the drawings and specifications made by Burnham & Root, architects, bearing even date with the contract, "which said drawings and specifications shall be considered a part of and equally binding with the contract; the work to be done under the supervision of Burnham & Root, architects, and to be approved and certified by a certificate in writing under the hand of said architects." The contract price to be paid the plaintiff for doing this fire-proofing work upon this building was $13,000, with a reservation written into the contract in the following words:

"The party of the first part [defendant] reserves the right to throw out any part of the work called for on the 'bill of quantities,' and from the above amount to deduct at the rate of charge in said 'bill of quantities,' and extra work shall be charged in accordance with the figures on said 'bill of quantities.' "

And in the specifications, which are made a part of the contract, is the following clause:

"For the several dimensions, the arrangement and construction of said building, reference will be had by the contractor to the accompanying design for the work, as made by Burnham & Root, architects, which design consists of the following drawings, to-wit, all necessary plans and specifications, and the hereto attached bid and bill of quantities."

It appears from the proof that bids were solicited for doing the work in question, and that the plaintiff submitted a bid, giving its estimated quantity of the work and the price therefor in detail, and proposed to do the entire work for $13,522.62. After some negotiation the plaintiff deducted from its bid the $522.62, making the contract price for the entire work the $13,000 mentioned in the written contract, and as there was an understanding that any extra work which might be ordered under this contract should be done at the same rates mentioned in the bid, and any work which the defendant might afterwards decide to have omitted, which was called for by the specifications, should be deducted at the rates figured in the bid, it was deemed convenient to attach these figures, which accompanied the bid, to the contract, and make them a part of the same, which was done by the clause which I have quoted from the contract and specifications. It is now contended on the part of the plaintiff that the bill of quantities was referred to in the contract and specifications as a limitation to the amount of work to be done under the contract, and that all work not mentioned in this bill of quantities is extra work, and that plaintiff is to be paid therefor in addition to the contract price. In the light of the testimony in the case I do not think the contract should be so construed, as it is very evident to me that this allusion in the contract and specifications to the bill of quantities is only

done for the purpose of furnishing a basis upon which the price for extra work, or work which plaintiff should afterwards decide to omit from the building, should be computed, and that it was not intended that this bill of quantities should be a limitation upon or express the exact amount of work which the plaintiff intended or agreed to do for the $13,000. The terms of the contract are explicit. The plaintiff agrees to do all the fire-proofing work upon the building as called for by the drawings and specifications. The proof shows that before this contract was signed, and before the plaintiff made its bid for the work, the drawings and specifications were examined by the plaintiff's agent fully, and the plaintiff had full opportunity to estimate the entire quantity of work to be done; plaintiff's agent at the time he signed the contract having signed all the drawings and specifications, thereby making them specifically a part of the contract.

This disposes of all the items involved in the plaintiff's claim except the items for damage to plaintiff occasioned by the delay on the part of the other contractors in the construction of the building, whereby the plaintiff was delayed in his work; and it is claimed it took a longer time because of items for reconstructing floors, arches, and partitions, which fell, and had to be rebuilt. In regard to the claim for rebuilding the arches and partitions which fell, I am satisfied that this necessity arose from the defective construction of this work on the part of the plaintiff, as the theory of the plaintiff's witnesses, that the upheaval of the columns supporting the building was caused by frost, is, I think, wholly overthrown by the proof. With regard to the items for delay occasioned by the want of dispatch on the part of other contractors, the contract contains this clause:

"Should delay be caused by other contractors to the positive hindrance of the contractor hereto, a just and proper amount of extra time shall be allowed by the architects, provided it shall have given written notice to said architects at the time of such hindrance or delay."

The specifications state:

"That the first two and three stories are ready for their floors, and the contractor may enter at once upon said work; arches in these three stories to be completed on or before September 30th. The fourth (attic story's roof and partition) shall be completed in 30 days after the contractor has received notice that these stories are in readiness for his material."

Taking this clause of the contract and the specifications together, I construe them to mean this: that, if the plaintiff was delayed by reason of the tardiness or want of dispatch on the part of the contractors doing the other classes of work upon the building, it should be entitled to such further time for the completion of the work as the architects should allow him; but I do not see that there is any provision that it is entitled to pecuniary damages by reason of said delay. Evidently the parties anticipated that this contractor, doing only a part of the work, and that which was largely dependent upon the completion of other classes of the work by other contractors, must await the movements of these other contractors; and it seems to me that the stipulation for further

time to complete the work in case of delay by other contractors implies that there is to be no pecuniary compensation for such delay.

The defendant admits a balance due the plaintiff of $648, but claims that there are some deductions to be made from that for a fire-place, and wire-cloth for ceiling of the attic, which were omitted. The proof, however, does not furnish me with any standard for the price of these articles omitted, and, as the defendant has not paid this money into court, there will be a finding in favor of the plaintiff for the sum of $648, balance admitted to be due, and interest from the commencement of the suit, and each party will pay its own costs.