NEW ZEALAND INS. CO. v. EARNMOOR S. S. CO., Limited.

(Circuit Court of Appeals, Ninth Circuit. February 8, 1897.)

1. ADMIRALTY JURISDICTION — FEDERAL COURTS — STATE STATUTES — GENERAL AVERAGE—INTEREST.

In the exercise of their admiralty and maritime jurisdiction, the federal courts are governed solely by the legislation of congress and the general principles of the maritime law, and are not bound by state statutes. Accordingly, *held*, that in its determination of the question of the allowance of interest in a libel upon a contract of marine insurance, a court of admiralty is not to be guided by state statutes as to the method of ascertaining the proportions of a general average loss and as to the allowance of interest on contracts.

2. INTEREST—MARINE INSURANCE.

When the owner of a vessel has demanded from an insurer an amount claimed to be due under the policy of insurance by reason of injury to the vessel from perils insured against, and the insurer, while admitting a less amount to be due, has resisted payment of the amount claimed throughout a long litigation, but has never tendered the amount admitted, it is proper for a court of admiralty to allow interest from the time of the demand on the amount finally found to be due, though slightly less than that claimed.

Appeal from the District Court of the United States for the Northern District of California.

Andros & Frank, for appellant.

Chas. Page, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The appellant, New Zealand Insurance Company, was respondent in the court below to a libel brought by the appellee, the Earnmoor Steamship Company, Limited, upon a policy of marine insurance, by which the insurance company insured the appellee against any loss on its steamship Earnmoor which might be caused by any one of the perils usually set forth in a policy of marine insurance. Both companies were incorporated under the laws of the United Kingdom of Great Britain and Ireland; the steamship company having an office for the transaction of its business at Newcastle, England, and the insurance company having an office for the transaction of business in the city and county of San Francisco, state of California, in which city and county the policy sued on was issued. On or about January 10, 1889, and during the life of the policy, the ship, bound on a voyage from Philadelphia to St. Thomas, while proceeding down the Delaware river met with a serious disaster, requiring salvage services and subsequent repairs, which gave rise to a claim in general and particular average against the appellant as underwriter upon the hull and appurtenances of the vessel. In due time an average adjustment was made by adjusters, which shows a loss by the shipowner in particular and general average of a certain amount. Of this amount the appellant was called on to pay a share proportionate to the amount insured by it. The average statement was presented to the appellant July 23, 1889. It charged in particular average, $43,344.70, and in general average, $41,598.44. In the settle-

ment based upon this statement the appellant was charged, as its proportion of those amounts, $997.41. The appellant declined to admit its liability for the amount so claimed as loss, upon the ground that certain items in the adjustment were improperly considered and admitted by the adjusters. These items were specifically pointed out by the appellant, and a restatement made by it, omitting the items objected to, and stating what it conceded to be the proper amounts in particular and general average, as follows: In particular average, $41,502.36; in general average, $35,480.36. It is true that in the statement so presented by the appellant the amount of the appellant's proportion of the particular and general average was not stated, but its ascertainment upon the basis presented was a mere matter of mathematics, to which the maxim, "Id certum est, quod certum reddi potest," may be properly applied. No tender, however, of any amount under the policy was made by the appellant. On the 22d day of January, 1892, the appellee filed its libel in the court below to recover the proportion of the entire particular and general average loss suffered by the shipowner shown to be due by the adjuster's statement, and amounting to the sum of $997.41. To the libel thus brought the appellant appeared, and contested the amount properly payable by it upon the policy, contending that the sum properly due from it was a less sum, and only its proportion of the amounts given in its statement heretofore referred to. No tender of such proportion, however, was made by the appellant. The litigation thus commenced continued for several years, during which time a great deal of testimony was taken in different parts of the country. Upon the final hearing the court below decided that, except in two particulars, the adjustment made by the adjusters, and upon which the original demand of the appellee was made upon the appellant, was correct. 73 Fed. 867. All other objections to that adjustment were, at the hearing in the court below, overruled, with the consent of the appellant; and by agreement of the parties the adjustment was returned to the adjusters, to be made to conform to the opinion of the court in the particulars referred to. The actual difference between the amount claimed to be due under the original adjustment and that found to be due by the court below was $43.60. The question which constitutes the ground of the present appeal then arose in the court below; that is to say, the question as to whether the appellant should be required to pay interest on the amount found to be due upon the policy. The court below held that the amount found due should bear interest at the rate of 7 per cent. per annum from July 23, 1889,—the date the average statement was presented to the appellant, —and so adjudged. It is from that portion of the decree allowing such interest that the present appeal is taken.

It is urged on the part of the appellant that under the statute of the state of California the appellant is not chargeable with interest. In support of that position, sections 2152 and 1917 of the Civil Code of California are cited. Those sections are as follows:

"Sec. 2152. The proportions in which a general average loss is to be borne must be ascertained by an adjustment, in which the owner of each separate interest is to be charged with such proportion of the value of the thing lost

as the value of his part of the property affected bears to the value of the whole. But an adjustment made at the end of the voyage, if valid there, is valid anywhere."

"Sec. 1917. Unless there is an express contract in writing, fixing a different rate, interest is payable on all moneys at the rate of seven per cent. per annum after they become due, on any instrument of writing, except a judgment, and on moneys lent, or due on any settlement of account, from the day on which the balance is ascertained, and on moneys received to the use of another and detained from him. In the computation of interest for a period less than a year, three hundred and sixty days are deemed to constitute a year."

The argument for the appellant is that, while there is not an express agreement in the policy as to the form and manner by which the amounts due from the several contributory interests, or that of the underwriters who have taken risks on those interests, should be ascertained, the state statute quoted points. out how this shall be done, and that the libelant was bound to observe the provisions of that statute, and that, if it did not, it was its fault, and not that of the respondent; that an average statement is in the nature of a statement of an account rendered, which account must be settled, and the balance ascertained; and that the word "ascertained" imports, ex vi termini, certainty, and that it was for the assured to fix definitely the amount due from the interests underwritten by the insurer, before which time no interest could properly accrue. All this may be true enough in a suit pending in a court of the state to which the state statute would apply. But that statute is inapplicable to a court of admiralty.

"In the exercise of their admiralty and maritime jurisdiction," says Justice Story in the case of The Chusan, 2 Story, 455, Fed. Cas. No. 2,717, "the courts of the United States are exclusively governed by the legislation of congress, and, in the absence thereof, by the general principles of the maritime law. The states have no right to prescribe the rules by which the courts of the United States shall act, nor the jurisprudence which they shall administer. If any other doctrine were established, it would amount to a complete surrender of the jurisdiction of the courts of the United States to the fluctuating policy and legislation of the states. If the latter have a right to prescribe any rule, they have a right to prescribe all rules; to limit, control, or bar suits in the national courts. Such a doctrine has never been supported, nor has it for a moment been supposed to exist, at least so far as I have any knowledge, either by any state court or national court within the whole Union. For myself, I can only say that during the whole of my judicial life I have never, up to the present hour, heard a single doubt breathed upon the subject. * * * The admiralty jurisdiction covers the whole maritime law applicable to the case in judgment, without the slightest dependence upon or connection with the local jurisprudence of the state on the same subject. The subject-matter of admiralty and maritime law is withdrawn from state legislation, and belongs exclusively to the national government and its proper functionaries."

In The New York v. Rea, 18 How. 223, the supreme court, in speaking of a statute of the state of New York in respect to shipping, said:

"This is a rule of navigation prescribed by the laws of New York, and is doubtless binding upon her own courts, but cannot regulate the decisions of the federal courts administering general admiralty law. They can be governed only by the principles peculiar to that system as generally recognized in maritime countries, modified by acts of congress, independently of local legislation."

See, also, The Selah, 4 Sawy. 40, Fed. Cas. No. 12,636; Watts v. Camors, 10 Fed. 148; The Kate Tremaine, 5 Ben. 60, Fed. Cas. No. 7,622.

That a marine insurance contract is a maritime contract is not open to question. Insurance Co. v. Dunham, 11 Wall. 1. The propriety of the action of the court below in allowing interest upon the amount found to be due the appellee upon the policy of insurance in question is, therefore, to be tested by the rules applicable to courts of admiralty. One of the admiralty rules prescribed by the supreme court is as follows: "In cases in admiralty, damages and interest may be allowed if specially directed by the court." Rule 23. This leaves the matter of interest to the sound discretion of the court. The circumstances of the present case satisfy us that it was wisely and justly exercised in the present instance by the court below. The case would be very different if the appellant had tendered to the appellee the amount it, in effect, admitted to be due from it under the policy, but at no time prior to the decision of the court below did it do so. The appellant had, of course, the right to contest the amount claimed from it; but surely it ought to have offered to pay the amount it admitted to be due. Instead of doing so, it withheld from the appellee for nearly seven years what it admitted was justly due from it; and at the end of a costly litigation, extending through that long period, the result of which showed that there was a difference of only $43.60 between the amount originally demanded by the appellee and that actually due from the appellant, contends that the small difference found and adjudged by the court below to exist deprived the assured of the right to interest on the proper amount from the date when it should have been paid or tendered. We are of opinion that the court below was clearly right in rejecting that contention, and in allowing the appellee interest from July 23, 1889, on the amount found to be due from the appellant under the policy sued on. The judgment is affirmed.