### W. G. CORNELL CO. v. SCHUYLKILL COUNTY.

(Circuit Court of Appeals, Third Circuit. May 3, 1915.)

No. 1920.

CONTRACTS &⟶300—CONSTRUCTION—BUILDING CONTRACT—OWNER'S LIABILITY FOR DELAY.

Where a contract for the construction of certain portions of a building provided in one article that, if the contractor should be delayed in the prosecution or completion of the work by the act, neglect, or default of the owner, the architects, or any other contractor employed by the owner on the work, the time fixed for the completion of the work should be extended for a period equivalent to the time lost by such delay, and the next article provided that the owner agreed to provide all labor and materials essential to the conduct of the work, not included in the contract, in such manner as not to delay the progress of the work, and in the event of failure so to do, thereby causing loss to the contractor, the owner should reimburse the contractor, the clause in the latter article requiring the owner to provide labor and materials referred only to such labor and materials as the owner himself was required to furnish, and does not render the owner liable for delay to the contractor caused by delay in the work being done by other contractors.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1372–1381; Dec. Dig. &⟶300.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by the W. G. Cornell Company against the County of Schuylkill. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles L. McKeehan, of Philadelphia, Pa., for plaintiff in error.
E. D. Smith, of Pottsville, Pa., for defendant in error.

---

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The county of Schuylkill proposed the erection of a public building, and entered into contracts with different contractors for the several parts of its construction, reserving, however, a limited part of the work to be done directly by itself. Under contract with the county, the plaintiff company installed in the building the water, sewage, lifting, heating, ventilating, and lighting systems. Against delays and their consequences the parties contracted as follows:

"Art. VI. The contractor shall complete the several portions, and the whole of the work comprehended in the agreement, by and at the time or times hereinafter stated, to wit, within ten months from the date of the approval of this contract. * * *

"Art. VII. Should the contractor be delayed in the prosecution or completion of the work by the act, neglect, or default of the owner, of the architects, or of any other contractor employed by the owner upon the work, * * * then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid. * * *

"Art. VIII. The owner agrees to provide all labor and materials essential to the conduct of this work not included in this contract in such manner as not to delay its progress, and in the event of the failure so to do, thereby causing loss to the contractor, agrees that it will reimburse the contractor for such loss; and the contractor agrees that if he shall delay the progress of the work, so as to cause loss for which the owner shall become liable, then he shall reimburse the owner for such loss."

The contract embraced specifications of the labor to be performed and materials to be furnished by each party. The labor and materials required of the defendant included the digging of a well, the opening of a roof for a stack, the construction of an elevator shaft, and the necessary inclosures and supports for elevator attachments, and the excavation, and furnishing of materials, for machine foundations. Delays were occasioned the plaintiff. Suit to recover damages was brought under article VIII of the contract, and the breach was laid in its language. The defendant pleaded non assumpsit.

In support of the issue raised, the plaintiff made no attempt to prove that the defendant had failed to provide the labor and materials required of it by the specifications, and that thereby it caused the delay and damage complained of, but sought to prove that the defendant had failed to cause other contractors engaged in other work upon the building to conduct their work in such a manner as not to delay the plaintiff in the progress of its work. The trial court rejected the testimony and directed a nonsuit.

The question in controversy is presented by the offer and rejection of proofs, and calls for a construction of the contract. While the sole parties to the contract were the plaintiff and defendant, it is apparent that the contract was entered into with full knowledge on the part of each that in the construction of other parts of the building other contractors would be employed and engaged. The possibility of delay in the progress and completion of the plaintiff's work, caused by delays of other contractors, was recognized by both, and express and specific provision therefor was made in article VII of the contract.

Having considered, and, as we believe, disposed of, the matter of delays to the plaintiff incident to delays of other contractors, the parties proceeded to draft article VIII. In this article the parties made no reference to the subject-matter of the preceding article, namely, delays that might be occasioned the plaintiff by delays of other contractors, but addressed themselves to delays which each might cause the other. In this article, and elsewhere in the contract, the expression "labor and materials" was used to denote the thing each required the other to do, and, for failure so to do, each became liable to the other in damages. What was each required to do?

The plaintiff was required to install certain fixtures and appliances pursuant to elaborate specifications. The defendant was required to prepare the land and certain parts of the building for the plaintiff to do its work, pursuant to, and certainly to the extent provided by, the specifications. It is contended by the plaintiff, however, that the undertaking of the defendant "to provide all labor and materials essential to the conduct of [the plaintiff's] work" was not restricted to providing such labor and materials required of it by the specifications, but extended to the construction of the building and its completion at all times to stages which would permit the plaintiff to commence, continue, and complete its work, and that, when the plaintiff's work was controlled or affected by the progress of the work of other contractors, it was the duty of the defendant to see that the work of the other contractors progressed in a manner and was completed to a point that would not delay the work of the plaintiff under its contract.

We are of opinion that, if it was the intention of the parties that the defendant should cause its other contractors to keep the construction work upon the building ahead of the work contracted to be done by the plaintiff, and that the defendant at all times and under all circumstances should be responsible to the plaintiff for damages arising from delays occasioned by its other contractors, they failed expressly to embody that intention in the contract. The language used is at least susceptible of one certain, clear, and unambiguous meaning, and that meaning is that the defendant undertook to provide the labor and materials required of it by the specifications. If another meaning was included, the additional meaning can be found only by construction. We find nothing in the context to lead us to believe that the parties meant more than they said, and that the contract implies something that was not expressed. As the parties expressly provided for delays through different causes, the law will imply nothing different from that which was expressed by the language employed. The parties expressly provided for two kinds of delays: First, delays incident to the delays of other contractors, resulting in an extension of time to the plaintiff; second, delays occasioned by the contracting parties, resulting in damages. These provisions leave nothing to implication.

The cases cited by the plaintiff in support of its contention that the contract contains an implication that the defendant should keep the building so advanced in its construction as to cause no delay to the plaintiff are principally cases in which the delays complained of were the delays of the owner himself, or of his architect as his agent, and

in which the actions were based upon the failure by the owner to do the things which the owner was obliged to do, and not the failure of the owner to compel others to do the things which others had undertaken to do. Del Genovese v. Third Avenue R. R. Co., 13 App. Div. 412, 43 N. Y. Supp. 8; Lauman v. Young, 31 Pa. 306; See v. Partridge, 9 N. Y. Super. Ct. 463.

Between the contract, as we have construed it, and the evidence, there was complete variance. The trial court, therefore, committed no error in directing a nonsuit.

The judgment below is affirmed.