[Sac. No. 4428. In Bank.—July 31, 1933.]

C. H. HANSEN et al., Plaintiffs and Appellants, v. GEORGE F. COVELL, Defendant and Appellant.

STOCKTON PLUMBING SUPPLY COMPANY (a Corporation) et al., Plaintiffs and Respondents, v. C. H. HANSEN et al., Defendants; GEORGE F. COVELL, Appellant.

J. R. BICKEL, Plaintiff and Respondent, v. C. H. HANSEN et al., Defendants; GEORGE F. COVELL et al., Defendants and Appellants.

J. M. ADAMS, Plaintiff and Respondent, v. CHRISTIAN H. HANSEN et al., Defendants; GEORGE F. COVELL et al., Defendants and Appellants.

Hartley F. Peart, M. G. Gallaher, J. M. Walthall and Gus L. Baraty for Plaintiffs and Appellants.

Edwin V. McKenzie and Arthur J. Carlson for Defendants and Appellants.

Nutter & Rutherford, L. J. Maddux and R. R. Fowler for Respondents.

SHENK, J.—The cross-appeals involved herein are from a judgment establishing a balance due from the defendant, George F. Covell, to the plaintiffs, C. H. Hansen and Joseph C. Buchen, contractors under a building construction contract. The contractors sought to recover unpaid balances under the contract plus certain items of extras and damages alleged to be due from said defendant, who is the owner of the property involved. A cross-complaint was filed by Covell against the contractors alleging abandonment on the part of the contractors and the cost of completion by said defendant for which he sought recovery against the contractors and their surety. These two actions and three other actions to foreclose mechanics' liens were consolidated for trial. The word "plaintiffs" used herein refers unless otherwise noted, to the plaintiffs, the contractors Hansen and Buchen, and the word "defendant" refers to the defendant Covell, the owner.

On May 25, 1923, the plaintiffs and the defendant entered into a contract whereby the former agreed to construct, exclusive of the steel work on the real property of the latter situated in the city of Modesto, a four-story and basement hotel building, in accordance with certain plans and specifications, for the contract price of $125,500. The building was to be completed on or before the first day of October, 1923, plus such additional time as the contractors might become entitled to under the contract. The Globe Indemnity Company was the surety on the contractors' bond. The contract and the bond were duly filed for record.

Work was commenced on May 26, 1923, and possession of the structure was taken by the defendant on February 21, 1924. Progress payments were to be made as the construction proceeded, and final payment was due thirty-five days after completion. On February 21, 1924, a progress payment in the sum of $11,295 remained unpaid. The final payment in the sum of $12,550 also remained unpaid. In

the meantime mechanics' liens of subcontractors were filed against the property. By their action the plaintiffs sought to recover the two sums of $11,295 and $12,550 with interest; also the sum of $3,303.65 alleged to be due for extras, and the further sum of $33,737, comprising twenty-one items of damages alleged to have been caused to the plaintiffs by the acts, neglect and delay of the owner.

By his answer and cross-complaint the defendant resisted the claims of the plaintiffs and sought to recover from the plaintiffs the sum of $7,284.80 alleged to be the amount expended by the defendant in completing the building, and further sums totaling $29,592.05 as damages.

During the course of the trial the owner paid the claims of mechanics who had filed liens to the extent of $9,183.32, and the surety company paid off a similar amount. There remained for determination in the consolidated actions also the claims of Stockton Plumbing Supply Company for $7,719.50, J. R. Bickel for $6,334.30, and J. M. Adams for $345.76.

After a protracted trial on the numerous issues raised the court found that the plaintiffs had substantially performed their contract so as to become entitled to a judgment for the sums of $11,295 and $12,550 remaining unpaid; but that the defendant was entitled to an offset for certain imperfections and defective workmanship, including the sum of $2,824.02 for the cost of removal and re-installation of bathtubs; $512.50 for imperfect columns and plastering; and $50 for concrete sidewalks, making a total to be deducted for offsets of $3,386.52. The defendant was adjudged entitled to a further credit on account of the sum of $9,183.32 paid by him to lien claimants. The court found various items of damages caused to the plaintiffs by the delay of the defendant, including also damages for withholding portions of certain progress payments beyond the times when the same became payable, in sums aggregating $2,827.99. Extras to which the plaintiffs were found to be entitled aggregated the sum of $495.65. Interest was also awarded to the plaintiffs on the two unpaid installments on the contract price from the dates they respectively were payable to the time of entry of judgment in the total sum of $8,195.35. The balance of $22,794.15 computed on the basis of the

above counter-awards, was decreed to be due from the defendant to the plaintiffs with costs.

In addition to the above the court adjudged the amounts due to the three lien claimants, and decreed the amounts found to be due to be a lien against the property of the owner to the following extent: Stockton Plumbing Company, $4,855.48, with interest from the commencement of foreclosure proceedings in the sum of $1608.16; J. R. Bickel, $5,818.50, with interest in the sum of $1900.68; and J. M. Adams, $298.26, with interest in the sum of $97.08; a total as against the owner of $14,578.16. As against the contractors and the surety company, the court added to the above amounts respectively the sums allowed as a deduction to the owner for defective workmanship; or, in other words, as against the contractors and the surety company, the court allowed the claims of the subcontractors without deduction for the respective items of offset involved in their claims and allowed to the owner for defective workmanship, thus making the total principal due from the contractors or the surety company to the lien claimants the sum of $14,278.06, with interest in the sum of $4,697.75.

The plaintiffs and the defendants Covell and Globe Indemnity Company have appealed from the foregoing judgments, the plaintiffs and the Globe Indemnity Company from that portion of the judgment awarding damages to the defendant in the sum of $3,386.52 for defective workmanship, and the defendant Covell from the whole of the judgment. ██ A question is raised by the plaintiffs whether the notice of appeal filed by the defendant Covell has the effect of an appeal by him from the whole of the judgment. However, the notice of intention to appeal and to prepare transcript, also filed by the defendant Covell, contained such a notice and as such has the effect of a notice of appeal from the whole judgment. (*Purity Springs W. Co.* v. *Redwood Ice Delivery,* 203 Cal. 286 [263 Pac. 810].)

██ A consideration of the record leads us to the conclusion that the contentions relating to the sufficiency of the evidence to support the awards to the plaintiffs for extras and damages, and to the defendant on account of imperfections and defective workmanship, are unfounded and that such awards may not be disturbed on the ground that the

evidence is insufficient to support them. ▮ The defendant, however, contends that the plaintiffs have by the contract waived any damages which might otherwise accrue by delay caused by the acts or neglect of the owner. The contract provides that "the time during which the contractors may be delayed by the acts or neglect of the owner or his employees . . . or by the act of God . . . which are not caused by, or the continuance of which is not due to any reasonable acts or conduct on the part of the contractors, shall be added to the time of completion". Throughout the record it is shown that the contractors applied for extensions by virtue of the very acts of delay for which the court awarded damages. By the terms of the contract the contractors were also expressly entitled to an extension by virtue of the withholding of any progress payment by the owner, in addition to which the owner agreed to pay any damages suffered by the contractors for delay in making progress payments. No agreement to pay damages by reason of any other cause of delay was included in the contract.

The obvious purpose of providing for the extension in the event of delays for the causes named is to prevent the operation of another clause in the contract which made the contractors liable to the owner at the rate of $25 per day for each day the completion of the building was delayed beyond the contract period. The case of *Seebach* v. *Kuhn*, 9 Cal. App. 485 [99 Pac. 723], relied upon by the defendant as in point, does not involve the precise question nor an interpretation of that clause in the contract with reference to its effect on the liability of the owner for damages for delay caused by him. That case, however, does indicate and is authority for the proposition that the parties may lawfully designate who shall bear the loss under specified contingencies; and elsewhere it has been held that the inclusion of such a clause in the contract indicates the exclusive remedy available to the contractor for any delay caused by the acts or neglect of the owner. It has been held that by such an agreement the damages otherwise collectible are waived, when the contractors agree to accept an extension of time for the delay caused by other contractors (*W. G. Cornell Co.* v. *Schuylkill County*, 222 Fed. 876; *Goss* v. *Northern Pacific Hospital*, 50 Wash. 236 [96 Pac. 1078];

*Haydnville Min. & Mfg. Co.* v. *Art Institute,* 39 Fed. 484) ; or for delay caused by the owner himself (*Richard* v. *Clark,* 43 Misc. 622 [88 N. Y. Supp. 242]) ; and that the acceptance of the extension of time and the waiver of damages by the owner is intended as the exclusive remedy to the contractors for the delay of the owner or other contractors. (See, also, 9 C. J. 790, 791.) The trial court found that the time for completion was extended by the delay of the owner and his architect. The parties had a right to agree upon the exclusive remedy available to the contractors by reason of such delay. The trial court therefore erred in awarding damages to the plaintiffs caused by the owner's delay, except such as may properly be awarded by way of interest charges as hereinafter noted. The items of damage attributable by the trial court specifically to the delay caused by the acts or neglect of the owner total the sum of $2,694, leaving the sum of $227.99 due to the contractor as damages for delay caused by withholding progress payments as hereinabove noted and other damages not attributable to delay for other causes.

There is another item which should here be mentioned. As to this item there was a concession by stipulation on the part of the plaintiffs which, probably through oversight, was not included in the award of offsets in favor of the defendant. That item is the installation of the mail chute, which was done by the owner although included in the contract, and a credit therefor in favor of Covell is conceded in the sum of $958.61.

An examination of the record also discloses that the findings of the trial court in effect that the defendant was guilty of defaults and breaches of contract causing vexatious delay to the plaintiffs in the completion of their contract, and that such defaults and delay on the part of the defendant were responsible for the filing of mechanics' liens and the commencement of foreclosure proceedings thereon, are supported by the evidence.

The trial court applied the principles relating to the doctrine of substantial performance which are correctly stated in the case of *Seebach* v. *Kuhn, supra,* at page 488, and we perceive no justifiable criticism of the resulting finding that the contract was substantially performed by the plaintiffs. That finding is the foundation for the conclusion

that the unpaid and liquidated balances provided by the terms of the contract became due and payable on the respective dates hereinabove mentioned.

██ It is contended by the defendant that the court incorrectly awarded interest to the plaintiffs. It is urged that the application of section 3287 of the Civil Code renders the net balance, if any, owing from the defendant to the plaintiffs an unliquidated sum on which the plaintiffs are not entitled to an award of interest prior to the entry of judgment. The position thus taken by the defendant is that whenever a liquidated sum becomes due under a contract but which is subject to deduction by reason of an unliquidated offset, the balance due is not a sum "capable of being made certain by calculation" because the "person liable does not know what sum he owes, and therefore can be in no default for not paying". (*Cox* v. *McLaughlin*, 76 Cal. 60, 67 [18 Pac. 100, 104, 9 Am. St. Rep. 164].)

On the theory that a debtor may not defeat the creditor's right to interest on a liquidated sum by setting up an unliquidated claim as an offset, the result reached in the case of *Pearson* v. *Ryan*, 42 R. I. 83 [105 Atl. 513, 3 A. L. R. 805], has been applied in a number of jurisdictions. In a note to that case in 3 American Law Reports, page 809 et seq., the general rule is stated that "where the amount of a claim under a contract is certain and liquidated, or is ascertainable but is reduced by reason of the existence of an unliquidated set-off or counterclaim thereto, interest is properly allowed on the balance found to be due from the time it became due . . . " California is credited with having adopted that doctrine in the case of *McCowen* v. *Pew*, 18 Cal. App. 482 [123 Pac. 354, 355]. The trial court in the present case applied the rule, which is also stated in the same note, that where the plaintiff's demand is liquidated, the plaintiff is given interest on the full amount and the defendant's unliquidated demand is treated as a discount and not as a payment. (See *Smith* v. *Turner*, 33 Or. 379 [54 Pac. 166]; 3 A. L. R., at pp. 812, 813, and cases cited.) The latter principle, however, appears to be applicable in cases where the claim for deduction could not be said to be demandable at the time when the original liquidated claim became due, but was rather the proper subject of a counterclaim for damages than of an offset in the nature of a payment.

In *McCowen* v. *Pew, supra,* the court stated and approved both rules, either being properly applicable depending upon the circumstances of the particular case. Thus the same rule later adopted in *Pearson* v. *Ryan, supra,* that the offset for defective workmanship may reduce the liquidated demand but ''does not impair the claim for interest on the balance when adjusted by the verdict of the jury'', was quoted with approval from the case of *Tappan & Noble* v. *Harwood,* 2 Spears (S. C.), 551. The court also cited and quoted with approval the same rule from the case of *Healy* v. *Fallon,* 69 Conn. 228 [37 Atl. 495]. The case of *McCowen* v. *Pew, supra,* is also authority for the equitable view, announced in effect in the case of *New Zealand Ins. Co.* v. *Earnmoor S. S. Co.,* 79 Fed. 368 [24 C. C. A. 644], that where delay in payment is due to vexatious conduct on the part of the defendant, ''it is only just that he should repair the damage that has followed from the breach of his obligation'' although the balance due to the plaintiff is ''in a certain sense unliquidated.'' (*Healy* v. *Fallon, supra.*) Application of the foregoing principles resulted, in the case of *McCowen* v. *Pew, supra,* in an award of interest on the balance due after deduction of the offset. The leading case of *Cox* v. *McLaughlin,* 76 Cal. 60 [18 Pac. 100, 9 Am. St. Rep. 164], which confirmed the rule under the present code section that interest on unliquidated demands is not recoverable, expressed the view of the court illustrated by cases cited in the opinion that the rigid test there laid down as to what constitutes a liquidated or unliquidated demand was by no means not subject to modification. Among other cases the court especially referred to *Mix* v. *Miller,* 57 Cal. 356. We have seen that further exceptions to the rule there stated have since become established.

An award of interest to the plaintiffs in the present case therefore, is supported by authority and the only question to be determined is on what amount is the interest properly chargeable. We conclude that the two bases hereinabove mentioned are consistent and that one or the other is applicable, where interest is chargeable, depending upon the facts and circumstances of the particular case. Where, therefore, in cases such as here presented, the deduction is for defective workmanship, or is otherwise of a character such as to constitute payment to the contractor, and on the

theory that the contractor is entitled to interest only on such amount of the use of which he has been deprived during the period of default, the court may properly allow interest only on the balance found to be due after deduction of such offsets and payments. The reason is that to that extent only has the plaintiff been damaged. The court properly disallowed interest on the amount found to be due to the plaintiffs for extras. (*Stimson* v. *Dunham, Carrigan, Hayden Co.*, 146 Cal. 281, 285 [79 Pac. 968].) It follows that the plaintiffs here are entitled to interest on the balance of the two liquidated principal sums after deduction of the amounts found to be due to the defendant for defective workmanship and the installation of the mail chute, and the amount paid by the defendant to lien claimants.

Cases relied upon by the defendant, such as *Perry* v. *Magneson*, 207 Cal. 617 [279 Pac. 650], *Stephens* v. *Phoenix Bridge Co.*, 139 Fed. 248, *Delafield* v. *Village of Westfield*, 41 App. Div. 24 [58 N. Y. Supp. 277], and *Excelsior Terra Cotta Co.* v. *Harde*, 90 App. Div. 4 [85 N. Y. Supp. 732], where the plaintiff sued upon an unliquidated claim, cannot control in cases where the action is upon a demand originally liquidated.

The result reached on these appeals is not to be construed as interfering with the application in a proper case of any general rule that where the liquidated demand is subject to reduction by virtue of an unliquidated claim the balance due is deemed to be an unliquidated sum upon which interest is not recoverable. (*Still* v. *Hall*, 20 Wend. (N. Y.) 51; *Excelsior Terra Cotta Co.* v. *Harde*, 181 N. Y. 11 [73 N. E. 494, 106 Am. St. Rep. 493].) What we do hold is that the principles hereinbefore stated are applicable in cases such as the one before us, and that the award of interest under the facts herein and the authorities hereinabove cited is limited to the balance of the original liquidated amounts found to be due after the deductible cross-demands have been established.

It is urged by the plaintiffs that the application in this case of these principles and authorities results in an award of interest to both parties, to the plaintiffs on the full amount of their liquidated claim and to the defendant on the deductible offsets involved, which as to the interest thus allowed to the defendant it is claimed is contrary to section

3287 of the Civil Code and the cases relied upon by the plaintiffs. We may say that if the result of the authorities deemed controlling is to cause the modification of the general test or the exception to the general rule as to what constitutes a liquidated sum to be applied to the deductible offsets involved, that fact must obviously be taken as the established result, rather than as constituting any cogent compelling reason why the authorities should not be followed.

█ We are not persuaded that there is merit in the defendant's contention that he is entitled to attorney's fees for defending twelve actions commenced by lien claimants. The trial court found that the defendant was not entitled to such fees and on the record presented the finding should not be disturbed.

It is readily apparent that the claims involved on these appeals may be disposed of by a modification of the judgment. From the foregoing discussion these results will follow: The plaintiffs, C. H. Hansen and Joseph C. Buchen, will be entitled to receive from the defendant, George F. Covell, the sum of $23,845 (being the sums of $11,295 and $12,550 remaining unpaid under the terms of the contract), less the sum of $13,528.45 (comprising the sums of $3,386.52 for defective workmanship, $958.61 for installation of mail chute, and $9,183.32 paid to lien claimants). On the balance of $10,316.55 the plaintiffs are entitled to interest at seven per cent per annum from February 21, 1924, to the date of the entry of judgment, to wit, February 7, 1929, amounting to the sum of $3,580.71. The plaintiffs are also entitled to recover from the defendant Covell the further sums of $495.65 due for extras, and $227.99 for damages, making a total on these items of $723.64, which latter sum will draw interest only from the date of the entry of judgment. It thus appears that the plaintiffs are entitled to have a judgment entered in their favor against the defendant Covell in the sum of $14,620.90.

█ In view of the established liability of the defendant under the supported findings, it is a matter of no concern to him that the lien claimants are awarded interest on their claims, and neither the plaintiffs nor their surety have appealed from that portion of the judgment. The total of the lien claims plus the interest thereon awarded as against the owner, viz., the sum of $14,578.16, deducted from the

amount found due to the plaintiffs from the defendant, still leaves a balance due to the plaintiffs, and this condition under the findings also disposes of the contention that the contractors are not entitled to their costs in the trial court.

■ It further appears, however, that the trial court erred in depriving the defendant Covell of any rights of subrogation which he might have against the Globe Indemnity Company. The defendant Covell complied with all of the statutory requirements by which such rights would become created in his favor. The redress of the surety company for any breach on the part of the defendant involved herein is its right to become subrogated to the rights of the contractors to damages awarded on account thereof.

The condition of the record and the application thereto of the principles herein stated sufficiently answer all of the questions raised by the parties, and no other point need be noted specifically.

It is therefore ordered that the judgment herein be modified as follows: By striking therefrom the amounts therein adjudged to be due to the plaintiffs and by inserting in lieu thereof the following: "It is hereby ordered, adjudged and decreed that the plaintiffs, C. H. Hansen and Joseph C. Buchen, co-partners doing business under the firm name and style of Hansen & Buchen and under the firm name and style of Hansen-Buchen Co., do have and recover of and from the defendant, George F. Covell, the sum of $14,620.90, and their costs incurred herein taxed at $——."

It is ordered that the judgment be modified further by striking from the paragraph therein which commences with these words: "It is further ordered, adjudged and decreed that if the defendant and cross-complainant George F. Covell shall pay and discharge any of said judgments in favor of any of said plaintiffs, viz., Stockton Plumbing Supply Company, J. R. Bickel and J. M. Adams, the amount or amounts so paid by him in discharge thereof shall *pro tanto* discharge and satisfy said judgment in favor of said C. H. Hansen and Joseph C. Buchen, copartners as aforesaid, against said defendant and cross-complainant George F. Covell", all of that portion thereof following the portion herein immediately above quoted, and inserting in lieu of the stricken portion the following: "and any such satis-

faction or discharge by said defendant Covell of any of said judgments in favor of said lienholders in excess of the sum found due from the defendant Covell to the plaintiffs C. H. Hansen and Joseph C. Buchen, shall subrogate said Covell to any rights of such lienholders against the defendant Globe Indemnity Company''.

It is ordered further that the next immediately succeeding paragraph in said judgment be modified by adding thereto, after the words ''discharged by it'', at the end thereof, the following: ''provided that such rights of subrogation shall not extend, as against the defendant Covell, beyond the amount of the judgment awarded to the plaintiffs C. H. Hansen and Joseph C. Buchen against said defendant Covell''.

It is ordered further that said judgment be modified by striking therefrom the award of costs in favor of the defendant Globe Indemnity Company against said defendant George F. Covell.

Said judgment in all other respects shall remain without modification.

The judgment as so modified is affirmed, neither party to recover costs on appeal.

Seawell, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.