[Civ. No. 21432.   Second Dist., Div. Two.   Mar. 15, 1956.]

WALTER MULLER et al., Plaintiffs and Appellants, v. PANCHO BARNES, Defendant and Appellant.

Joseph M. Wapner for Plaintiffs and Appellants.

Pancho Barnes, in pro. per., for Defendant and Appellant.

FOX, J.—As part of the consideration for the purchase of 14 horses from Victor Cox, defendant signed a document dated September 16, 1950, reading in part as follows:

"Pancho Barnes promises and agrees to Pay to Vic Cox the sum of Three Thousand and Two Hundred and No cents ($3200.00) within one year from the date of this agreement. However Pancho Barnes agrees that all monies from the sale of any of the above stock shall be paid to Vic Cox as soon as is possiable [sic] until the full amount of $3200.00 shall have been paid. The unpaid balance shall bare [sic] an interest of six per cent (6%) per annum."

In September, 1953, Cox assigned this instrument to plaintiffs. Defendant having failed to make other than a $10 payment on the obligation, plaintiffs filed suit. Defendant answered by way of denials. She also filed a cross-complaint charging Cox with fraud and misrepresentation and that he substituted another animal for one he agreed to deliver. The court found in favor of plaintiffs on the issues raised by the complaint and answer. On the cross-complaint, the court found Cox had delivered an animal other than the one he had agreed to deliver and cross-complainant had been damaged thereby in the sum of $250. This amount was deducted from the unpaid balance of $3,190, and judgment accordingly entered for plaintiffs for $2,940. The court, however, refused to allow interest at 6 per cent as provided in the writing.

Defendant appeals from the judgment. Plaintiffs appeal from that portion of the judgment which disallows interest.

### Defendant's Appeal.

When the case came on for trial, defendant asked leave to file an amended and supplemental answer. While the proposed pleading is not before us, defendant's brief indicates that she sought to raise the affirmative defenses of failure of consideration and rescission on the ground of fraud. At a continued hearing on March 30, 1955 (the trial started on May 7, 1954), "defendant requested leave to amend her answer to conform to proof." While the nature of the proposed amendment is not further disclosed, apparently defendant was still desirous of raising these defenses. The request was denied.

As a ground for reversal, defendant argues that the trial court abused its discretion in refusing her requests to amend her pleadings. Of course, to be a basis for a reversal of the judgment, it would be necessary to show that the rulings were prejudicial. This defendant has failed to do.

In considering the evidence under the allegations of the cross-complaint, the court found that Cox delivered defendant an animal other than one he had agreed to deliver and that she was damaged $250 thereby. This was a finding of partial failure of consideration. It is thus clear that this issue was actually considered under the pleadings before the court. On the question of fraud which defendant raised in her cross-complaint, the court found against her charges. Thus, not being able to prove fraud, she could not, of course, establish a rescission based on fraud. It therefore follows that defendant suffered no prejudice by the court's denial of her requests to amend her pleadings.

Defendant contends that finding V is not sustained by the evidence. In this finding the court in effect found that all the allegations of the cross-complaint are untrue except, as above noted, that she received one animal when she should have had another, to her damage in the sum of $250. As the aggressor in this phase of the case, the burden was on cross-complainant to establish her allegations. These were factual matters for the determination of the trial judge who had the responsibility, in making such determination, to pass upon the credibility of the witnesses, the weight that should be given to their testimony, and to resolve the conflicts* and inconsistencies, even in the testimony of an individual witness. (*Peterson* v. *Peterson*, 74 Cal.App.2d 312, 319 [168 P.2d 474].) Such a factual decision is controlling on appeal.

Defendant argues that the judgment is against the law in that the consideration for the agreement, of which the note was a part, failed. The difficulty with this argument is that the trial court found the consideration failed only to the extent of $250 for which she received credit since the document was not a negotiable instrument and plaintiffs were not holders in due course.

---

*At the trial, defendant insisted Cox had failed to complete all necessary papers and breeding certificates. However, he testified: " I took you [defendant] the papers and gave them to you in your home. . . . Made a special trip up there to take you all the papers on all the registered horses."

*Plaintiffs' Appeal.*

■ Plaintiffs sued to recover a liquidated amount on which defendant had agreed in writing to pay interest at 6 per cent. They were met with an unliquidated setoff. In such circumstances, "the general rule is . . . that 'where the amount of a claim under a contract is certain and liquidated, or is ascertainable but is reduced by reason of the existence of an unliquidated setoff or counterclaim thereto, interest is properly allowed on the balance found to be due from the time it became due . . .' " (*Hansen* v. *Covell,* 218 Cal. 622, 629, 630-631 [24 P.2d 772, 89 A.L.R. 670]; *McCowen* v. *Pew,* 18 Cal.App. 482, 487 [123 P. 354]; *Lacy Mfg. Co.* v. *Gold Crown Mining Co.,* 52 Cal.App.2d 568, 579 [126 P.2d 644].) The principle of the Hansen case, *supra,* was reaffirmed and applied in the recent case of *California Lettuce Growers, Inc.* v. *Union Sugar Co.,* 45 Cal.2d 474 [289 P.2d 785], where the court stated, at page 487, that "California Lettuce correctly contends that the mere pleading of unliquidated counterclaims does not render unliquidated an otherwise certain or determinable debt owing to the plaintiff. The unliquidated counterclaims are given treatment as discounts, not as payments made at the time the debt is due. (*Lineman* v. *Schmidt,* 32 Cal.2d 204 [195 P.2d 408, 4 A.L.R.2d 1380]; *Hansen* v. *Covell,* 218 Cal. 622 [24 P.2d 772, 89 A.L.R. 670].) They do not therefore affect the liquidated or unliquidated character of the debt." Under this rule, plaintiffs are entitled to interest on $2,940 from September 16, 1950, at 6 per cent per annum.

It is ordered that conclusion of law (a) be amended by deleting the period and adding thereto the following: "together with interest thereon at six percent (6%) per annum from September 16, 1950, amounting to $970.20." It is further ordered that the following be deleted from the second paragraph of the judgment: "Two Thousand Nine Hundred Forty ($2,940.00) Dollars" and the following be inserted in lieu thereof: "Three Thousand Nine Hundred Ten Dollars twenty cents ($3,910.20)." As thus modified, the judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied April 10, 1956.