89 So.2d 339 (1956)
Ross MANNING, doing business as Ross Manning Carnivals, Appellant,
v.
Arthur L. CLARK and Joe Baker, Appellees.
Supreme Court of Florida. Special Division B.
September 5, 1956.
*340 Anderson & Nadeau, Miami, for appellant.
Daniel Sepler and Boyce F. Ezell, Jr., Miami, for appellees.
ROBERTS, Justice.
This is the fourth appearance of this cause before this court. See Manning v. Clark, Fla. 1951, 56 So.2d 521; Fla. 1952, 62 So.2d 352; and Fla. 1954, 71 So.2d 508, for a history of the litigation.
Briefly stated, the facts are that the appellees, Clark and Baker, filed a suit in equity against the appellant, Manning, for an accounting, injunction, receivership and for advances made to Manning under a contract entered into by the parties. Upon the direction of this court, the cause was transferred to the law side of the court for trial upon the indebtedness claimed by Clark and Baker to be owing to them. Manning v. Clark, supra, 56 So.2d 521. Manning then counterclaimed in the law suit for damages alleged to have been incurred by him as a result of the wrongful appointment of a receiver in the original equity suit. In Manning v. Clark, supra, 71 So.2d 508, this court affirmed a summary judgment in favor of Clark and Baker in the amount of $4,700, but remanded the cause for a trial of Manning's counterclaim, which had been stricken by the trial judge.
At the trial upon the counterclaim, the trial judge directed the jury to enter judgment for Clark and Baker in the amount of $4,700, with interest from the date of the filing of the equity suit, in the amount of $1,406.88, and to credit thereon such amount as they found to be recoverable by Manning under his counterclaim. The jury awarded Manning $2,000, and verdict and judgment in the amount of $4,106.88 was entered in favor of Clark and Baker. Manning has appealed.
It is here contended by Manning, among others, that it was error to allow interest on the $4,700 debt prior to judgment, his argument being that the debt was not liquidated until after the adjudication of the amount recoverable by him under his counterclaim. This contention cannot be sustained.
While a contrary result has been reached in a few cases (generally involving a suit by plaintiff on quantum meruit and a counterclaim by defendant arising out of the same transaction), cf. Excelsior Terra Cotta Co. v. Harde, 1905, 181 N.Y. 11, 73 N.E. 494; Delafield v. Westfield, 1899, 41 App.Div. 24, 58 N.Y.S. 277; General Supply & Construction Co. v. Goelet, 241 N.Y. 28, 148 N.E. 778; Union Sugar Co. v. Hollister Estate Co., 3 Cal.2d 740, 47 P.2d 273, it is generally held that an unliquidated counterclaim, even when established, does not affect the right to interest *341 prior to judgment on the amount found to be due on a liquidated or determinable claim, since the debtor may not defeat the creditor's right to interest on such a claim by setting up an unliquidated claim as a setoff. Hansen v. Covell, 1933, 218 Cal. 622, 24 P.2d 772, 89 A.L.R. 670. It should be noted that in those cases where the defendant's counterclaim or offset is based on defective workmanship or other defective performance by the plaintiff of the contract on which plaintiff's claim is based, recovery of interest is generally allowed only on the balance remaining due the plaintiff after deducting the amount found to be due under the counterclaim, to be computed on such balance from the time plaintiff's claim became due and was demanded, or suit commenced therefor. Hansen v. Covell, supra; Muller v. Barnes, Cal. App. 1956, 294 P.2d 505; Maslow Cooperage Corp. v. Weeks Pickle Co., 1955, 270 Wis. 179, 70 N.W.2d 577, 584; 47 C.J.S., Interest, § 19(b), p. 31; Mall Tool Co. v. Far West Equipment Co., Wash. 1954, 273 P.2d 652, 663. Where, however, the counterclaim is on a separate and distinct matter, having nothing directly to do with the contract forming the basis of plaintiffs' claim, it has been held that the damages recoverable under the counterclaim do not affect the right of the plaintiff to recover interest prior to judgment on the full amount of his claim. Mall Tool Co. v. Far West Equipment Co., supra, and cases cited.
Here, the summary judgment in the amount of $4,700 was entered in favor of Clark and Baker on the basis of admissions of record made by Manning that at least $4,700 had been advanced to him by them, and a finding by the court that he was obligated by the terms of the contract to repay this sum to them. Their claim was, then, "liquidated" insofar as the right to recover interest is concerned, under the rule of Parker v. Brinson Construction Co., Fla. 1955, 78 So.2d 873, 874, that "The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question [of interest]. The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof." The counterclaim of Manning had nothing directly to do with the contract between the parties; it was an unliquidated claim, sounding in tort, for damages arising out of the wrongful appointment of a receiver  a matter separate and distinct from the contract sued upon by plaintiffs.
In these circumstances, the cases here relied upon by Manning are not controlling, since the facts are different. And it would appear that, under the rule last cited, the trial judge properly instructed the jury to allow interest on the full amount of plaintiff's claim, rather than on the balance remaining after deduction of the amount awarded under the counterclaim. Moreover, it does not appear that objection to the instruction was made on this ground in the proceedings below, nor is it here made  the argument of Manning on this point being directed solely to the proposition that the debt was not "liquidated" until after the adjudication of the amount to be awarded under his counterclaim so that it did not bear interest until after such an adjudication. As noted, this contention cannot be sustained, under the authority of the cases above cited.
The other questions argued here by Manning have been carefully considered, but no reversible error has been found.
Accordingly, the judgment appealed from should be and it is hereby
Affirmed.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.