O. G. SHOUP, *Plaintiff in Error*, v. W. H. WAITS AND Y. A. HARRIS, *Defendants in Error*.

Division A.

Opinion Filed March 1, 1926.

*Hampton & Hampton*, for Plaintiff in Error;

*E. G. Baxter* and *S. L. Scruggs*, for Defendant in Error.

PER CURIAM.—Defendants in error, as plaintiffs below, sued the plaintiff in error to recover a balance due upon the value of certain lumber sold by the former to the latter on open account.  The declaration was upon the common counts.  Plaintiffs below recovered judgment for $576.27. To that judgment writ of error was taken.

Numerous errors are assigned upon the rulings of .the trial court upon the pleadings; the admission of certain evidence and the rejection of other evidence at the trial; the

giving of certain charges by the trial court and the refusal to give other charges; and the denial of the motion of the defendant below for a new trial. We have examined these assignments and find that none of them present reversible error. Although the plaintiffs' proof of delivery of the lumber was meager, as was also their proof of an account stated, it was not so deficient as to authorize a directed verdict for the defendant, and was therefore properly submitted to the jury. See Standard Oil Co. v. Van Etten, 107 U. S. 325; 27 Law. Ed. 319; Glass v. Virginia Carolina Chemical Co., 73 Fla. 873; 74 South. Rep. 981.

Plaintiff in error, however, further assigns as error the action of the trial court ''in entering up judgment in excess of verdict.'' The verdict is: ''We the jury find for the plaintiffs and assess their damages at $542.62.'' There is no specific mention of interest. Judgment was entered as follows: ''It is thereupon considered, ordered and adjudged that the plaintiffs, W. H. Waits and Y. A. Harris, do have and recover of and from the defendant, O. G. Shoup, the sum of $542.62 as principal and the sum of $33.65 as interest from September 16th, 1922, to date, being a total of $576.27 as their damage, together with their costs in this behalf expended and taxed at $10.54 and for which let execution issue.''

Although interest upon the amount found to be due by the jury, from the due date to the date of the verdict, is allowable as an element of damage, like all other elements of damage it must be ascertained by the jury and assessed in the verdict. In an action of this nature, there being no reference to interest in the verdict, there is no authority, in entering up the judgment thereon, to add to the sum assessed by the jury as damages an additional sum for interest thereon. The judgment is to that extent erroneous. See Cary & Co. v. Hyer, decided at the January Term, 1926. Also McCreary v. Gano, 41 S. E. Rep. 480.

The judgment is reversed at the cost of the defendants in error, and the cause remanded with directions to enter a proper judgment in accordance with the verdict of the jury, so that the judgment, as of the date it was originally entered, to-wit, the 26th day of June, 1923, will be in amount of $542.62, and as so modified and entered, the judgment will stand affirmed. Geiger v. Henry, 44 Fla. 208; 32 South. Rep. 874; Sec. 2918, Rev. Gen. Stat. 1920.

It is so ordered.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the Opinion.