STATE, *ex rel.* BOULEVARD MORTGAGE CO. v. ULY O. THOMPSON, Circuit Judge.

151 So. 704.
Opinion Filed December 30, 1933.

*Loftin, Stokes & Calkins,* for Relator;
*J. M. McCaskill,* for Respondent.

BUFORD, J.—This is an original proceeding in mandamus wherein it is sought to coerce a Judge of the Circuit Court of the Eleventh Judicial Circuit of Florida to amend a judgment so as to include therein the sum which a jury might have found to be due the plaintiff as interest on two notes.

The suit was on two notes for $25,000.00 each. The notes were dated July 6, 1926. Suit was filed but the record fails to show the date of filing of the suit. The plaintiff claimed principal in the sum of $25,000.00 and interest in the sum of $14,049.50 on one note and principal in the sum of $25,000.00 and interest in the sum of $13,871.70 on the other note. There was a jury trial. The verdict was:

"We, the jury, find for the plaintiff and assess its damages at $50,000.00 for principal only."

. The court entered judgment for that amount and refused to amend the judgment so as to include therein the sum of $27,922.23 for interest.

We are asked to require the judge to amend the judgment. If the plaintiff objected to the verdict, the time to raise that objection was when it was presented in the trial court. The law appears to be settled in this jurisdiction that in a case of this kind where it appears that substantial interest of third parties not before the court are involved mandamus will not be awarded. The defendant in the suit, the judgment in which is involved here, was one R. Howard Gamble. He is not made a party to this proceeding. See State, ex rel. McKinnon v. Wolfe, 58 Fla. 523, 50 Sou. 511.

, This might be cured by amendment, but as such amendment could not avail anything it would be a mere gesture to allow the amendment. There is no difference in the law applicable to the question presented' here because the suit was based upon promissory notes and that which would be applicable if the suit had been based on an open account. In either event the interest constituted an element of the damages recoverable.

In Shoup v. Waits, et al., 91 Fla. 378, 107 Sou. 769, we said :

"Although interest upon the amount found to be due by the jury, from the due date to the date of the verdict, is allowable as an element of damages, like all other elements of damage it must be ascertained by the jury and assessed in the verdict. In an action of this nature, there being no reference to interest in the verdict, there is no authority, in entering up the judgment thereon, to add to the sum assessed by the jury as damages an additional sum for in-

terest thereon. The judgment is to that extent erroneous. See Cary & Co. v. Hyer, decided at the January Term, 1926. Also McCready v. Cano, 41 S. E. Rep. 480.

"The judgment is reversed at the cost of the defendants in error, and the cause remanded with directions to enter a proper judgment in accordance with the verdict of the jury, so that the judgment, as of the date it was originally entered, to-wit, the 26th day of June, 1923, will be in amount of $542.62, and as so modified and entered, the judgment will stand affirmed. Geiger v. Henry, 44 Fla. 208; 32 South. Rep. 874; Sec. 2918, Rev. Gen. Stat. 1920."

In that case the verdict was:

"We, the jury, find for the plaintiffs and assess their damages at $542.62."

There was no specific mention of interest. Judgment was entered for $542.62 with interest in the sum of $33.65.

In Cary & Co. v. Hyer, 91 Fla. 322, 107 Sou. 684, we said: "Although interest upon the value of the property, from the date of the unlawful taking or detention to the date of the verdict, is allowable as an element of damages in replevin, like all other elements of damage such interest, or its equivalent, if the latter be the measure appropriate to the property in controversy, is to be ascertained by the jury and assessed in the verdict, and in the absence of an appropriate finding by the jury there is no authority to include such interest in the alternative money judgment."

To the same effect has been the holding in other jurisdictions in the case of Meffert v. Lawson, 315 Mo. 1091, 287 S. W. 610.

In 27 R. C. L., page 889, it is said:

"The power of the court to add interest to the verdict is based on the assumption that the jury failed to give to the successful party that which the law allows him. It would

follow, therefore, that in cases in which the awarding of interest is in the discretion of the jury, the court has no power to add interest. It cannot itself correct the verdict if the interest was omitted, not by mistake, but willfully. Thus, if the jury willfully ignore the instructions of the court to bring in a verdict for interest in favor of plaintiff, if they find for him at all, and bring in a verdict for the principal sum only, it is the duty of the court on, or even without, request, to direct them to correct their verdict in accordance with the directions given, but the court cannot itself correct it by adding the interest."

See Isbell Porter Co. v. Baker, 120 Appellate Division 384, 105 N. Y. Sup. 1103.

It is clear from the verdict in this case that the jury did not intend to allow interest.

The record shows that the court charged the jury in part as follows:

"Gentlemen of the Jury: Forms of verdict have been prepared by the plaintiff and defendant each, and these forms of verdict will be handed to you. One of these forms is to be used by you in case you find for the plaintiff, and the other is properly formed to be used by you in case you find for the defendant. In either case, gentlemen, the verdict rendered by you should be signed by one of your number as foreman. You are further instructed, gentlemen, that any verdict which you render should be the verdict of each individual juror."

Whether one of the forms submitted to the jury was used or not, we are not advised. But, in any event, the verdict clearly indicated that the jury intended for the plaintiff to recover the principal without interest and, when this appeared, if the plaintiff was not satisfied with the verdict and judgment for that amount, objections to receiv-

ing such verdict should have been presented to the court and, if plaintiff felt aggrieved because of any order of court it had its remedy by writ of error to this' Court.

Motion to quash the alternative writ should be granted. It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

DAVIS, C. J. (concurring).—I agree to the conclusion that the writ of mandamus should be quashed because I do not think that under our decisions the mere error of the judge in refusing to adjudge interest, is correctible by mandamus. But I do not agree to the proposition that where a jury is without any degree of discretion to refuse to include interest in its computation of recoverable amounts (which is not an *allowance* but a mere computation) that the judge is without authority to adjudge recovery of interest, whether the verdict includes it or not. In the present case it seems to me that it was clearly within the province of the judge to enter the judgment that the law required to be entered on the pleadings, after the only issues of fact were settled by the verdict in plaintiff's favor without qualification.