## TUCKER v. HUGHEY et al.

### Civil Action No. 1243-M.

District Court, S. D. Florida,
Miami Division.

March 25, 1947.

L. J. Cushman, of Cushman & Woodward, all of Miami, Fla., for plaintiff.

Stuart W. Patton, of Patton & Kanner, all of Miami, Fla., for defendant.

DeVANE, District Judge.

When counsel for the respective parties appeared before the court in chambers to settle the matter of requested charges, counsel for plaintiff presented to the court a form of a verdict providing for interest, but in which no amount was stated for principal or interest. Counsel for defendants objected to the inclusion of interest in the verdict. As the parties had agreed at the trial to the amount of the real estate commission in the sum of $8750 and the date on which defendants notified plaintiff (March 29, 1945) that the Surf and Sand Apartment Building was withdrawn from the market, the Court ruled that the only

question for the jury's determination was whether or not defendants were liable to plaintiff for the amount of the real estate commission and if they were so liable that under the law of Florida the amount of their liability drew interest at 8% from March 29, 1945. The court, therefore, ruled that it would submit to the jury only the question of liability of defendants to plaintiff; declined to use the form of verdict prepared by counsel for plaintiff and prepared a verdict stating only the agreed commission in the sum of $8750, without reference to interest. The court notified the parties at the time that it would instruct the jury to return a verdict in this amount for plaintiff, should the jury find plaintiff entitled to recover, would consider such verdict as a special verdict and would add thereto interest from March 29, 1945, in the Final Judgment, should the jury return a verdict in favor of the plaintiff.

The court instructed the jury accordingly and did not submit to the jury the question of interest.

After the jury had returned its verdict and counsel for plaintiff submitted to the court a Final Judgment in accordance with the court's ruling at the time it settled the matter of requested charges, counsel for defendants objected to the Judgment including anything therein on account of interest as no interest had been fixed in the verdict of the jury.

Counsel for defendants relies upon Shoup v. Waits et al., 91 Fla. 378, 107 So. 769, and State ex rel. Boulevard Mortgage Co. v. Thompson, Circuit Judge, 113 Fla. 419, 151 So. 704. The Supreme Court of Florida in these two cases held that a Circuit Judge was without authority to add interest to the verdict of the jury and counsel for defendants contends that these cases are controlling. The court holds that Florida decisions on this question are not controlling in this case. In effect, the court submitted to the jury the single question of whether there was a liability of defendants to plaintiff for the real estate commission, which plaintiff claimed he had earned. The court holds that, under the Rules of Civil Procedure for the District Courts of the United States, this question is merely a procedural one and that the verdict of the ju-

ry, under instructions given by the court, was nothing more than a special verdict determining the question of liability of defendants to plaintiff and not the total amount of the liability.

The Supreme Court of Florida recognizes the general rule of law that upon the breach of a contract and where the amount of liability is fixed at the time of the breach, such amount bears interest from the date of the breach. See Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892.

The Statute of Florida in effect on the date of the breach of the contract between plaintiff and defendants, Section 687.01, F.S.A., prescribed an interest rate of 8% per annum and the Court holds 8% applicable in this case.

A Judgment will be entered in favor of the plaintiff in the sum of $8750, the amount of the agreed real estate commission, plus interest at the rate of 8% from March 29, 1945, the date of the breach of the contract, to March 25, 1947, the date of the entry of the Final Judgment herein.