97 So.2d 310 (1957)
Carroll BAILEY, Appellant,
v.
Rose R. SWARTZ, Appellee.
No. 57-146.
District Court of Appeal of Florida. Third District.
October 10, 1957.
Hylan H. Kout, Miami Beach, for appellant.
Sibley & Davis, Miami Beach, for appellee.
CARROLL, CHAS., Chief Judge.
This is an appeal from a judgment rendered in the Circuit Court for Dade County. The appellant was the defendant in the court below, in a law action brought by a broker for the recovery of a commission on a real estate transaction.
The jury's verdict was for $5,175, representing a five percent commission on a sale price of $103,500. In granting judgment on the verdict, on November 8, 1955, the court added interest for almost three years prior to the judgment, which interest had not been found or included in the verdict. The pertinent part of the judgment was as follows:
"It is thereupon ordered and adjudged that the plaintiff, Rose R. Swartz, do have and recover of and from the defendant, Carroll Bailey, the sum of Five Thousand One Hundred Seventy-five Dollars ($5,175.00), together with interest thereon at the rate of six (6%) percent per annum from December 30, 1952, and her costs in this behalf expended and hereby taxed at $39.15, for all which said amounts let execution issue."
The issue on which the case turned was whether or not the plaintiff broker was the procuring cause of the sale. The jury resolved that question in the plaintiff's favor, and the record discloses substantial evidence to support the verdict on that feature.
We have examined the record in the light of the twenty-two assignments of error which were filed, including those dealing with charges to the jury, and no error is made to appear, except for the inclusion in the judgment of interest which was not found by the jury in its verdict.
In a post-judgment order denying a motion to amend the judgment, the trial court defended its inclusion of the interest in the judgment as being supported by the case of Tucker v. Hughey, D.C.S.D.Fla. Miami Div. 1947, 6 F.R.D. 545.
The Tucker case was a decision of a federal trial court, which does not appear to have been reviewed on appeal. The federal court referred to the Florida cases *311 of Shoup v. Waits, 91 Fla. 378, 107 So. 769, and State ex rel. Boulevard Mortgage Co. v. Thompson, 113 Fla. 419, 151 So. 704, holding that a trial court is without authority to add interest to the verdict of a jury, but the federal court ruled to the contrary in the case before it because of certain features in the handling of that case.
We find no reason here why those decisions of the Florida Supreme Court should not be followed.
Accordingly, the cause is remanded with directions to enter a proper judgment in accordance with the verdict of the jury, so that the judgment, as of the date it was originally entered, will be in the amount of $5,175, plus the costs but without interest prior to that date, and, as so modified and entered, the judgment will stand affirmed.
Affirmed in part and reversed in part.
PEARSON, J., concurs.
HORTON, J., dissents.
HORTON, Judge (dissenting).
I beg to differ with that portion of the opinion of my colleagues modifying the judgment of the lower court so as to remove therefrom the item of interest. The interest was not included in the jury's verdict but only the debt. Interest was added by the trial judge in rendering judgment on the verdict. In so doing, the majority opinion concludes that the trial judge was in error and supports this view by the authority expressed in State ex rel. Boulevard Mortgage Co. v. Thompson, 113 Fla. 419, 151 So. 704. This case was decided by the Supreme Court of Florida in 1933. I have been unable to find any case in Florida since that time that has dealt directly with the point at issue here. However, in Parker v. Brinson Construction Company, Fla. 1955, 78 So.2d 873, 874, the Supreme Court, through Justice Drew said:
"The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question (interest). The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof. Sullivan v. McMillan, [37 Fla. 134, 19 So. 340, 53 Am.St.Rep. 239] supra; Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192." (Emphasis supplied.)
In the instant case, the appellee claimed a specific amount as damages for breach of an oral contract of employment as a real estate broker and interest on said sum from a specified date. The trial judge, in instructing the jury, said in substance that if the appellee was entitled to recover, she was entitled to recover the amount sued for or nothing. In other words, the appellant was indebted to the appellee for a sum certain or nothing at all. The appellant denied the indebtedness and that was the whole issue of the case for the jury to decide. Interest was a mere incident to the debt, if and when the jury should find that a debt actually existed. It would appear most inconsistent under the pleadings in this case to theorize that the appellee had two causes of action, one for the debt and another for interest, or to say that she was entitled to two types of damages, those flowing from the debt found due the appellee and damages in the form of interest. Certainly the appellee could not have sued for or sustained an action for interest alone without proving the existence of the debt. In the present case, it seems to me that it was clearly within the province of the trial judge to enter the judgment that the law required to be entered on the pleadings after the *312 only issues of fact were settled by the verdict in favor of the appellee without qualification.
I, therefore, conclude that the judgment of the lower court should be affirmed.