227 So.2d 352 (1969)
VACATION PRIZES, INC., Appellant,
v.
CITY NATIONAL BANK OF MIAMI BEACH, a National Banking Institution, Harold McGrath and George Willis Henry, As Co-Executors of the Estate of Charles F. Henry, Deceased, Appellees.
No. 69-28.
District Court of Appeal of Florida. Second District.
October 15, 1969.
Rehearing Denied November 12, 1969.
Michael B. Piper of Law Offices of Michael B. Piper, St. Petersburg, for appellant.
Arnold D. Levine, of Levine & Freedman, Tampa, for appellees.
LILES, Acting Chief Judge.
Appellant, defendant in the trial court, was in the business of selling vacation certificates to dealers and distributors to be used as give-away gimmicks. Pursuant to this business they entered into an agreement with the appellees and provided that appellant would pay the hotel for guests' rooms at a set rate if the guests attended a land development sales presentation. Appellees maintained that appellant breached the agreement and claim judgment and damages for the breach.
On his appeal appellant urges that the trial court erred in admitting testimony of a witness, one Stanton, to be read into the record without first requiring proof of the existence of any of the grounds contained in Rule 1.280(d) (3) RCP, 30 F.S.A.; that the trial court erred in admitting into evidence petitions or pleadings of the county court which contained self-serving statements and hearsay evidence. That it was error to refuse to direct a verdict for the defendant when the plaintiffs failed to produce sufficient evidence to support the complaint. Also, that the trial court erred in *353 entering a judgment on a verdict not supported by sufficient evidence. Finally, that the trial court erred in entering a judgment awarding plaintiffs interest in addition to the amount of the jury verdict.
The record reflects that the witness Stanton was in fact not within 100 miles, the distance specified in Rule 1.280(d) (3) RCP and therefore the admission of his testimony to be read was not error. The only other point that warrants discussion is whether the trial judge erred in adding interest to the verdict awarded by the jury.
In 1926 the Florida courts refused to add interest to a verdict of damages.
"Although interest upon the amount found to be due by the jury, from the due date to the date of the verdict, is allowable as an element of damage, like all other elements of damage it must be ascertained by the jury and assessed in the verdict." Shoup v. Waits, 1926, 91 Fla. 378, 379, 107 So. 769, 770.
Justice Buford of the Florida Supreme Court in 1933 found that as the verdict showed that "the jury did not intend to allow interest" and as "interest constituted an element of the damages recoverable" that interest could not be added to a verdict awarding damages. See State ex rel. Boulevard Mortgage Company v. Thompson, 1933, 113 Fla. 419, 151 So. 704.
Bailey v. Swartz, Fla.App. 1957, 97 So.2d 310, reaffirmed the cases set forth above in saying that in a claim for damages the trial court is without authority to add interest to the verdict of a jury.
Wabash Fire and Casualty Insurance Company v. Holloway, Fla.App. 1962, 139 So.2d 145, reiterates the rule in holding that interest is not properly included in a judgment where plaintiff claimed interest as an element of damages for defendant's refusal to pay for certain completed work and the jury did not award an amount for interest.
Hartley & Parker, Inc. v. Florida Beverage Corporation (5th Cir.1965) 348 F.2d 161, restates the Florida law, i.e., that interest is allowable from the time the debt became due and payable. There the parties stipulated the amount of the account due. Here there was no amount due which was agreed on by the parties and it was disputed that any amount was due.
The older cases dealt with interest solely on the basis of liquidated or unliquidated claims. Those cases disallowed the addition of interest to verdicts arising from unliquidated claims as it was not ascertainable whether interest was included in the verdict or not. See Sullivan v. McMillan, 1896, 37 Fla. 134, 19 So. 340.
The trend today seems to be to distinguish between verdicts for debt and verdicts for damages, which is nothing more than a relabeling of the former distinction. English and American Ins. Co. v. Swain Groves, Inc., Fla.App. 1969, 218 So.2d 453, 457, held as follows:
"The fact that there is an honest and bona fide dispute as to whether the debt is actually due has no bearing on the question [of interest]. If it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but also to the interest at the lawful rate from the due date thereof. Parker v. Brinson Construction Company, Fla. 1955, 78 So.2d 873. Whenever a verdict liquidates a claim and fixes it as of a prior date, interest should follow from that date."
The question of interest being added to a verdict for damages seems to depend on a conclusive determination of an exact amount due and a date from which interest can be computed. Thus damages would be the equivalent of an unliquidated claim under the older cases and debt would be the equivalent of a liquidated claim.
In the instant case we find no conclusive determination that there was a certain amount due and owing at a particular time.
*354 For the reasons stated above we find that it was error for the trial court to add a sum for interest to the verdict of damages and we reverse and remand for correction of the judgment.
PIERCE and MANN, JJ., concur.