ANSTEAD, Judge,
concurring in part and dissenting in part:
I cannot agree with the holding of the majority that it was not error for the trial court to add an amount for interest to the jury’s verdict. In my view it was error for the trial court to add interest. My views are similar to those expressed in the case of Schulman v. Cort Aviation Corporation, 330 So.2d 114 (Fla.3d DCA 1976):
The arguments in the briefs dealt with the propriety of the inclusion of interest in the judgment as depending upon whether the indebtedness for which judgment was awarded was liquidated or un-liquidated.
We are relieved of the necessity to evaluate those opposing arguments of counsel and to chose [sic] between them, because the verdict rendered by the jury did not allow or provide for the allowance of interest, and therefore it was error for the court, in entering judgment on the verdict, to add to the sum assessed by the jury an additional sum for interest thereon. See Shoup v. Waits, 91 Fla. 378, 107 So. 769; Bailey v. Swartz, Fla.App.1957, 97 So.2d 310; Wabash Fire & Casualty Insurance Co. v. Holloway, Fla.App.1962, 139 So.2d 145; Grayson v. Fishlove, Fla.App.1972, 266 So.2d 38.
This is not a case where the jury failed to follow the instructions of the court as to an award of interest. See 72 A.L.R. 1150 (1931), “Power of Court to Add Interest to Verdict Returned by Jury.” Although interest was claimed in the complaint, no instructions were given as to interest and indeed the verdict form returned by the jury was agreed to in advance by appellee and that verdict form already contained, upon submission to the jury, the specific amount claimed by the appellee to be due. In short, the appellee, by failing to seek recovery of interest from the jury, waived that claim. Under such circumstances the trial court, in entering judgment on the verdict, was without authority to sua sponte add an amount for pre-judgment interest.
*33 Having reached this conclusion, I must acknowledge the apparent holding of this court to the contrary in a decision in which this writer concurred. See Fort Pierce Toyota, Inc. v. Wolf, 345 So.2d 348 (Fla.4th DCA 1977). However, the complete factual and procedural context in which the issue was decided there is not set out in the opinion.