470 So.2d 33 (1985)
Wilbur S. LAW, Appellant,
v.
BLUE LAGOON-POMPANO, INC., Etc., Appellee.
No. 84-1533.
District Court of Appeal of Florida, Fourth District.
May 15, 1985.
Rehearing Denied June 24, 1985.
*34 Charles C. Powers, West Palm Beach, for appellant.
James O. Birr, Jr., of Birr, Bryant & Saier, P.A., Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is an appeal by the plaintiff/purchaser of a $90,000 pleasure boat who successfully persuaded the jury that he was entitled to the return of his purchase price because the boat was so defective. His appeal is occasioned by the trial court's refusal to let the jury consider an award of prejudgment interest to the plaintiff, which refusal was predicated upon the trial court's conclusion that the plaintiff's claim was for an unliquidated sum claimed by the plaintiff. Perhaps this view was occasioned *35 by the fact that the multi-count complaint sought consequential damages in addition to the return of the purchase price. Alternatively, the trial court could have been persuaded by the argument in a pretrial memorandum of law.
Because we respectfully disagree with the trial court in its conclusion, we emphasize that we reach that disagreement without the proverbial red cow to follow. Nevertheless, a claim for the return of the purchase price is, in our view, a liquidated claim or claim for a debt owed. See Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892 (1938), and Vacation Prizes, Inc. v. City National Bank of Miami Beach, 227 So.2d 352, 353 (Fla. 2d DCA 1969). Whichever term is used, if a verdict liquidates a claim and fixes it as of a prior date, the fact that there is an honest dispute whether there is an actual debt and, if so, the amount, does not render the claim unliquidated. English and American Insurance Co. v. Swain Groves, Inc., 218 So.2d 453, 457 (Fla. 4th DCA 1969). See also Tech Corporation v. Permutit Co., 321 So.2d 562 (Fla. 4th DCA 1975).
The plaintiff is incorrect in his contention that the interest to which he is entitled accrued on the date he paid for the boat. In a contractual action, unlike a tort action, wherein prejudgment interest is calculated from the date the cause of action arose, the calculation commences from the date the debt is found to have been due. Hughes v. Irons, 370 So.2d 76 (Fla. 2d DCA 1979). The Supreme Court of Florida has suggested the "due date" to be when demand was made or suit commenced. Manning v. Clark, 89 So.2d 339 (Fla. 1956). In this case, demand was made on June 14, 1982, and the suit commenced on August 6, 1982. We adopt the former as the date on which the interest commenced.
The next question is whether it is necessary for us to remand for new trial by the jury on the sole issue of interest or whether we have the authority to remand with direction to amend the judgment to reflect prejudgment interest from June 14, 1982. We conclude that authority for the latter procedure exists because those cases in Florida which hold the question of interest to be one for the jury to determine were not instances, as here, where the issue was inappropriately kept from the jury by the trial court over objection by the plaintiff, who had specifically pled a claim for interest and had sought a jury instruction thereon, albeit from the incorrect commencement date. Two early cases, Shoup v. Waits, 91 Fla. 378, 379, 107 So. 769, 770 (1926), and State ex rel. Boulevard Mortgage Company v. Thompson, 113 Fla. 419, 151 So. 704 (1933), both hold that the award of interest is the province of the jury. In the former case, there is nothing in the opinion to indicate that the plaintiff specifically asked for interest. In the second, the plaintiff specifically asked for it; but the court noted that mandamus was inappropriate to compel amendment of the judgment as the plaintiff failed to object to receipt of the verdict or to seek writ of error from the reviewing court. We doubt the court would have reversed the trial court's sustaining a timely objection by plaintiff to the verdict, which awarded principal, but no interest, on two promissory notes.
Similarly, if prejudgment interest had been submitted to the jury in the present case and the jury had denied it, we fail to see how a demand for correction of the verdict could have been denied by the trial judge. We find Judge Horton's dissent in Bailey v. Swartz, 97 So.2d 310 (Fla. 3d DCA 1957), to be appealing to sweet reason:
I beg to differ with that portion of the opinion of my colleagues modifying the judgment of the lower court so as to remove therefrom the item of interest. The interest was not included in the jury's verdict but only the debt. Interest was added by the trial judge in rendering judgment on the verdict. In so doing, the majority opinion concludes that the trial judge was in error and supports this view by the authority expressed in State ex rel. Boulevard Mortgage Co. v. Thompson, 113 Fla. 419, 151 So. 704. This case was decided by the Supreme *36 Court of Florida in 1933. I have been unable to find any case in Florida since that time that has dealt directly with the point at issue here. However, in Parker v. Brinson Construction Company, Fla. 1955, 78 So.2d 873, 874, the Supreme Court, through Justice Drew said:
"The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question (interest). The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof. Sullivan v. McMillan, [37 Fla. 134, 19 So. 340, 53 Am.St.Rep. 239] supra; Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192." (Emphasis supplied.)
In the instant case, the appellee claimed a specific amount as damages for breach of an oral contract of employment as a real estate broker and interest on said sum from a specified date. The trial judge, in instructing the jury, said in substance that if the appellee was entitled to recover, she was entitled to recover the amount sued for or nothing. In other words, the appellant was indebted to the appellee for a sum certain or nothing at all. The appellant denied the indebtedness and that was the whole issue of the case for the jury to decide. Interest was a mere incident to the debt, if and when the jury should find that a debt actually existed. It would appear most inconsistent under the pleadings in this case to theorize that the appellee had two causes of action, one for the debt and another for interest, or to say that she was entitled to two types of damages, those flowing from the debt found due the appellee and damages in the form of interest. Certainly the appellee could not have sued for or sustained an action for interest alone without proving the existence of the debt. In the present case, it seems to me that it was clearly within the province of the trial judge to enter the judgment that the law required to be entered on the pleadings after the only issues of fact were settled by the verdict in favor of the appellee without qualification.
Parenthetically, the opinions in Bailey do not reflect whether the plaintiff, as here, expressly asked the court to let the jury consider interest.
Finally, the fact that the defendant prevailed in its counterclaim for $13,000 predicated upon the plaintiff's failure to care for the boat in proper fashion after a certain date, does not affect the plaintiff's claim for prejudgment interest. The counterclaim was unliquidated because its amount was not susceptible of ascertainment except on determination by the trier of the fact. In such case, the Supreme Court said in Manning v. Clark, supra:
While a contrary result has been reached in a few cases (generally involving a suit by plaintiff on quantum meruit and a counterclaim by defendant arising out of the same transaction), cf. Excelsior Terra Cotta Co. v. Harde, 1905, 181 N.Y. 11, 73 N.E. 494; Delafield v. Westfield, 1899, 41 App.Div. 24, 58 N.Y.S. 277; General Supply & Construction Co. v. Goelet, 241 N.Y. 28, 148 N.E. 778; Union Sugar Co. v. Hollister Estate Co., 3 Cal.2d 740, 47 P.2d 273, it is generally held that an unliquidated counterclaim, even when established, does not affect the right to interest prior to judgment on the amount found to be due on a liquidated or terminable claim, since the debtor may not defeat the creditor's right to interest on such a claim by setting up an unliquidated claim as a setoff. Hansen v. Covell, 1933, 218 Cal. 622, 24 P.2d 772, 89 A.L.R. 670. It should be noted that in those cases where the defendant's counter-performance by the plaintiff of the contract on which plaintiff's claim is based, recovery of interest is generally allowed only on the balance remaining due the plaintiff after deducting the amount found to be due under the counterclaim, to be computed on such *37 balance from the time plaintiff's claim became due and was demanded, or suit commenced therefor. Hansen v. Covell, supra; Muller v. Barnes, (139 Cal. App.2d 847) 294 P.2d 505 (1956); Maslow Cooperage Corp. v. Weeks Pickle Co., 1955, 270 Wis. 179, 70 N.W.2d 577, 584; 47 C.J.S., Interest, § 19(b), p. 31; Mall Tool Co. v. Far West Equipment Co., (45 Wash.2d 158) 273 P.2d 652, 663. Where, however, the counterclaim is on a separate and distinct matter having nothing directly to do with the contract forming the basis of plaintiffs' claim, it has been held that the damages recoverable under the counterclaim do not affect the right of the plaintiff to recover interest prior to judgment on the full amount of his claim. Mall Tool Co. v. Far West Equipment Co., supra, and cases cited.
Id. at 340-341 (emphasis added).
We remand with the direction that the trial court amend the judgment to reflect prejudgment interest, on the full amount of appellant's claim, commencing June 14, 1982.
DELL, J., concurs.
LETTS, J., dissents in part with opinion.
LETTS, Judge, dissenting in part.
The final judgment as entered was for $77,000.00 rather than the full amount of the appellant's claim because of a successful counterclaim. The counterclaim was compulsory and based on the identical res sued upon, i.e., a Chris Craft.
In my view, prejudgment interest should only be calculated on $77,000.00 not $90,000.00.