DOWNEY, Judge.
Appellant, Johanna Schmidt (Schmidt), appeals from a final judgment entered in favor of appellee, Renate Turiano (Turi-ano).
The cause of action between the parties arose out of an oral agreement in which Schmidt agreed with her daughter, Turi-ano, that the daughter would pay for and have constructed an apartment as an addition to the mother’s home and would be allowed to live there indefinitely. The cost of construction was to be offset by the rental value of the premises to Turiano.
Turiano moved into the house prior to the construction of the addition, living in a second bedroom until the construction was completed, after which she occupied the addition for approximately four years. Apparently, Schmidt suffered some physical injury and thus decided to sell the house. As a result, the mother and daughter became estranged, the daughter moved out *1074 and filed this suit to recover her expenditures on the addition, which included the actual construction, and certain appliances furnished by her. As an affirmative defense the mother claimed a setoff for the rental value of the premises during the period of the daughter’s occupancy.
The trial court entered a judgment in favor of Turiano, finding her entitled to recover $17,000 as the cost of construction, plus interest thereon of $8,160, less a set-off for rent of $16,320. Thus, judgment was entered for Turiano for the difference of $8,840. That judgment is the basis of Schmidt’s appeal.
Schmidt contends on appeal that the trial court erred 1) in finding Turiano entitled to $17,000 as the cost of construction, and 2) in finding Turiano entitled to prejudgment interest.
Regarding the first point, Schmidt argues that the proper measure of damages for Turiano’s construction was the increased value of the property after the construction, not the cost thereof. While this contention may be a correct statement of the law in the abstract, it is not correct nor applicable here because the court entered an agreed order before trial, which provided “[t]hat Plaintiff’s claims are limited to the actual amount she invested in the subject real property or the value conferred to Defendant by Plaintiff’s investment.” Thus, for purposes of this case the court could determine whether Turiano was entitled to recover the increased value of the property by virtue of the improvements or the actual amount invested therein by Turiano. Since there was adequate evidence of the $17,000 invested by Turiano, the record supports the trial court’s judgment in this regard.
With regard to the prejudgment interest, we believe the trial court’s ruling that Turiano’s claim Was subject to prejudgment interest is correct. Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla.1985); Law v. Blue Lagoon-Pompano, Inc., 470 So.2d 33 (Fla. 4th DCA 1985). However, it appears that Schmidt’s entitlement to a setoff for the rental value of the premises which the trial court allowed should also be subject to prejudgment interest.
In view of the foregoing, we reverse the judgment and remand the cause for further proceedings to determine the amount that Schmidt should recover for the fair rental value of the premises for the entire time appellee occupied the premises and determine the amount of prejudgment interest due thereon and enter judgment accordingly.
WALDEN and GUNTHER, JJ., concur.