WARNER, Judge.
This is the second appearance of this case in this court. In Provident Life and Accident Insurance Co. v. Prichard, 636 So.2d 731 (Fla. 4th DCA 1993), we reversed the denial of Provident’s post-verdict motion to intervene in a personal injury case, and remanded to the lower court to permit Provident’s intervention to protect its subrogated interests in the judgment. On remand, the trial court permitted the intervention but determined that Provident was entitled to reimbursement of only $98,242.20 of the $808,153.43 which it had paid in medical expenses for the minor plaintiff. We reverse again.
After the personal injury trial involving the minor, the jury returned a verdict of $7,146,000, which included a specific award of $980,000 for past medical bills, of which Provident had paid $808,153.43. Subsequent to the verdict, the parties settled for $2,000,000 in cash, together with a $1,000,000 annuity which would yield $8,040 monthly for 120 months or the life of the child, whichever is greater. The settlement authorized payment of attorney’s fees in the amount of $900,000 and costs in the amount of $19,493.78. After our decision allowed Provident to intervene in the action, Provident filed a motion for reimbursement, pursuant to section 768.76, Florida Statutes (1987) (amended 1993), contending that it was entitled to a pro rata reimbursement amount from the settlement *589 proceeds. It provided one method of calculating its share and the appellees provided another. The trial court figured the amount differently, which both sides agree was in error. Rather than explaining the errors in the various methods, we will explain the proper way to calculate what is due to Provident.
Section 768.76(4) provides in pertinent part:
A provider of collateral sources that has a right of subrogation shall have a right of reimbursement from a claimant to whom it has provided collateral sources if such claimant has recovered all or part of such collateral sources from a tortfeasor. Such provider’s right of reimbursement shall be limited to its pro rata share for collateral sources provided, minus its pro rata share of costs and attorney’s fees incurred by the claimant in recovering such collateral sources from the tortfeasor. In determining the provider’s pro rata share of those costs and attorney’s fees, the provider shall have deducted from its recovery a percentage amount equal to the percentage of the judgment or settlement which is for costs and attorney’s fees.
(emphasis added). In this case, while the verdict allowed for recovery of all of the medical costs, the settlement was for less than half of the verdict amount. Therefore, proration of the award was necessary.
While the settlement did not differentiate between medical expenses and intangible damages, the jury verdict did. Of the $7,146,000 awarded, $980,000 was allocated to past medical expenses and costs. However, only $808,153.43 of that amount was paid by Provident. Therefore, the percentage of the verdict allocated to expenses paid by Provident was 11.31%. Calculating this percentage of the $3,000,000 settlement results in a $339,300 pro rata share to Provident for past medical expenses. From this amount, the statute requires a reduction for Provident’s pro rata share of the attorney’s fees and costs. The attorney’s fees and costs amounted to 30.65% of the settlement; thus, Provident’s pro rata share should have been reduced by the same percentage, or $103,-903.50, for a final award of $235,304.50.
There are two issues remaining. First, the trial court determined that Provident could not recover any of its entitled reimbursement from the annuity payments, relying on White v. Westlund, 624 So.2d 1148 (Fla. 4th DCA 1993). We find that case to be inapposite. In White, an automobile accident victim brought suit against a driver for damages. The jury returned a verdict in favor of the plaintiff and thereafter, the defendant sought a set-off equal to the disability benefits which the plaintiff might receive in the future. On appeal, in affirming the denial of the requested set-off, this court noted that section 768.76 indicated that a party seeking a set-off can rely only on amounts already paid or already available to the claimant from collateral sources. Not only is the instant case about reimbursement, not set-off, but in this case Provident is seeking only reimbursement for what it has already paid, not payments that may be made in the future. Thus, we are consistent with our comment in White.
The appellees have received a $3,000,000 settlement, with part of that amount being paid through an annuity. The appellees in the first instance may elect to pay the entire amount due to Provident from the current amount available to it, or they may elect to pay part from the future annuity payments. We remand to the trial court to formulate a plan for payment of the share due to Provident.[1]
Finally, the trial court erroneously denied Provident prejudgment interest on the amount due to it. The appellees concede Provident’s entitlement to prejudgment interest; they merely contest the date from which it should be calculated. In Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985), the supreme court held that “when a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to *590 prejudgment interest at the statutory rate from the date of that loss.” We have held that “if a verdict liquidates a claim and fixes it as of a prior date, the fact that there is an honest dispute whether there is an actual debt and, if so, the amount, does not render the claim unliquidated.” Law v. Blue Lagoon-Pompano, Inc., 470 So.2d 33, 35 (Fla. 4th DCA1985). In this case, the jury verdict awarded past medical costs, and the appel-lees settled this case and received the settlement proceeds sometime in January or February 1992. At that time they had notice of Provident’s claim and could have calculated the amount due to Provident pursuant to the statute, just as we have done here. That the next four years were spent litigating Provident’s entitlement to the proceeds does not render Provident’s claim unliquidated. Provident was entitled to its money on the date that the appellees received the settlement proceeds and prejudgment interest should run from that date.
We therefore reverse the trial court’s order and remand for further proceedings consistent with this opinion.
DELL and KLEIN, JJ., concur.

. To the extent that payment is spread out over the annuity payments, interest would accrue on any unpaid balance.