139 So.2d 145 (1962)
WABASH FIRE AND CASUALTY INSURANCE COMPANY, an Indiana Corporation Licensed to Do Business in the State of Florida, Appellant,
v.
W.V. HOLLOWAY, Allen Maida and Ecy Maida, Appellees.
No. 61-475.
District Court of Appeal of Florida. Third District.
March 27, 1962.
Rehearing Denied April 12, 1962.
Fowler, White, Gillen, Humkey & Trenam and Phillip W. Knight, Miami, for appellant.
Stafford & Carter, Miami, and Charles H. Spooner, Coral Gables, for appellees.
Before PEARSON, TILLMAN, C.J., HENDRY, J., and GOLDMAN, PHILLIP, Associate Judge.
PER CURIAM.
The Wabash Fire and Casualty Insurance Company, one of the defendants in the trial court, appeals a final judgment for the plaintiff entered upon a jury verdict. The action was by W.V. Holloway, a building contractor, who alleged in his complaint that the defendant-insurance company entered into a contract of employment with him, and subsequent to the completion of the work involved in the contract refused to pay.
The basic question is whether the evidence is sufficient on the issue of employment to support the verdict. The judgment for the amount of the contract is approved upon authority of Board of Public Instruction for St. Lucie County v. Connor, 148 Fla. 364, 4 So.2d 382, wherein the Supreme Court of Florida recognized an implied contract arising from the acts, conduct and circumstances surrounding the dealings of the parties.
An additional question is presented as to the propriety of including in the judgment an amount specified as interest. The complaint claimed interest as an element of damages. The verdict was for an amount which apparently did not include interest. In the final judgment the trial judge added to the amount of the verdict a sum approximately equal to interest at the rate of six percent on the amount due. Interest was computed from the date upon which the complaint alleged it became due up to the date of the judgment.
Where interest is an element of damages and the jury does not return an amount for interest, the trial judge is not authorized to include interest in the judgment. Shoup v. Waits, 91 Fla. 378, 107 So. 769; Bailey v. Swartz, Fla.App. 1957, 97 So.2d 310.
*146 The judgment, except for the inclusion of an amount as interest, is affirmed and the cause remanded to the trial court for the entry of an amended judgment in conformance with the verdict and the views expressed herein.
Affirmed in part and reversed in part.