McMULLEN, NEIL C., Associate Judge.
This appeal is by an executor in a probate proceeding assigning as error the awarding of dower to appellee. The issue below was on the widow’s election to take dower and objections filed thereto by the executor. Appellants’ theory was that the widow had willingly deserted the deceased; was guilty of living in adultery; the Statute of West-minister II (13 Edw. I, Chap. 34) is in effect in Florida; that the facts were such that this statute denied her right to dower; if not, she was estopped to claim dower by these same actions. Appellee cross assigned error based upon the awarding of certain fees.
The answer to the appellants’ contention is found in the record and pointed out in the order of the lower court in its findings. The lower court found in effect that regardless of whether the Statute of Westminister was in effect, the facts to call it into play did not exist in this case. There are facts in the record on which the lower court could have based its findings and conclusion. On such assignments, the law is too well settled to need citation of authority to the effect that this court has no authority to substitute its judgment for that of the lower court.
With regard to the appellee’s cross assignments, these assign error in the payment of certain attorney and guardian ad litem fees. Argument is made as to the unreasonableness of these fees, but there is nothing in the appellee’s appendix on which this court can consider any assign *566 ment in this regard. See Florida Appellate Rules 3.7, subd. f (S), 31 F.S.A. and Walton v. City of Clermont, Fla.App., 109 So.2d 403. Appellee also complains that it was improper for the lower court to authorize their payment before a decision on the issues of the assignment of her dower. The authorization of any payments which encroach upon cash which may later be determined to be dower is obviously improper. However, here it leaves no ground for ap-pellee to complain since her stipulation left no assignable error to be considered on this appeal with respect thereto. As her brief pointed out, to obviate the shortage of cash created by the above payments, the appellee entered into an agreement authorizing the entry of an order to implement the agreement which provided among other things that:
“1. * * * the estate is without funds with which to pay said dower and it is not practical or to the best interest of said estate or the parties hereto that the assets be divided.
“2. It is further agreed that in order to settle said matter, it is expedient and to the best interest of the estate and the parties of this agreement that the executor of said estate shall sell and convey to the said Dixie Lucille Baker, at its appraised value, $30,150.00, the following described real and personal property, to-wit: (property description)”
By appellee’s participation in the agreement and the obtaining of an order thereon, she is precluded from assigning it as error by the principle of law stated in 2 Am.Jur. 974:
“If a party consents to the rendition of a particular judgment, decree, or order, he can not appeal therefrom or have it reviewed on error proceedings.”
or as stated in 3 Am.Jur. 423:
“A party can not allege error whereto do so would involve . . . the repudiation of a stipulation agreement or consent which has been acted upon.”
There being no reversible error shown,, the lower court is affirmed.
ALLEN, Acting C. J., and SMITH, J., concur.