CHARLES CARROLL, Chief Judge.
The appellee Maulé Industries, Inc. was a subcontractor on a construction job, and the appellant Cannon Sand & Rock, Inc. was a sub-subcontractor thereof for the furnishing of certain sand and aggregates for the production of concrete.
Cannon filed suit in equity to enjoin Maulé from taking over the operation, following certain delays in performance by Cannon. A preliminary injunction was granted. Later it was dissolved and the cause was transferred to the law side of the court where Cannon sought damages against Maulé for alleged interference with performance by Cannon. Maulé counterclaimed against Cannon for damages for alleged breach of contract.
Summary judgment was entered in favor of Maulé against Cannon on the main case. On the counterclaim, summary judgment was granted in favor of Maulé on liability, reserving for trial the issue of damages on the counterclaim.
Thereafter the parties entered into a settlement. The fact that a settlement had been made and the provisions thereof were made known to the court. That was done at a hearing attended by counsel for both parties, at which Cannon announced it was reserving its right to appeal from the summary judgment which had been entered against it, and that certain monies involved in the settlement were to be escrowed and held pending the outcome of such appeal. On the basis of the disclosures made at that hearing which took place on September 8, 1966, the cause was dismissed, but the dismissal order was not signed until December 15, at which time it was entered nunc pro tunc as of September 8.
After the September 8 hearing which resulted in dismissal of the cause, Cannon did institute an appeal from the summary judgment. Subsequently that appeal was dismissed by this court, Peterson v. Continental Can Co., 194 So.2d 170.
The present appeal by Cannon is from the order dated December 15, 1966, dismissing the cause, which order was as follows:
“The parties having amicably settled their differences as evidenced by the transcript filed in this cause by the Court Reporter, dated September 8, 1966, and there being no subsequent Order thereon, it is
“Ordered and Adjudged that this cause be and the same is hereby dismissed nunc *638 pro tunc as of September 8, 1966, with prejudice, and each party is to bear its own costs.
“Done and Ordered in Chambers at Miami, Dade County, Florida, this 15th day of December, 1966.”
On its appeal from the foregoing order Cannon seeks a review of the prior summary judgment which was entered in August of 1966 from which, as stated above, it had instituted an appeal which subsequently was dismissed.
No basis is shown for reversal of the December 15, 1966, order of dismissal of the cause. Moreover, having joined in the settlement, and, on the basis thereof, jointly with the opposing party sought and obtained the dismissal, Cannon is precluded from seeking review thereof on appeal, under the established principle that one may not seek review of a judgment entered with his consent or under which he has accepted benefits. In re Fredcris, Incorporated, Fla.App.1958, 101 So.2d 49; Union Trust Co. v. Baker, Fla.App.1962, 143 So.2d 565; 2 Fla.Tur. Appeals, § 46.
Affirmed.