PER CURIAM.
The plaintiffs below appeal from a final judgment for the defendants rendered on a jury verdict in a suit to foreclose a mechanics lien.
Their first point is directed to. the submission of “the entire case” to the jury thereby making the jury the ultimate finders of fact in an equity action.
The record shows that the plaintiffs filed a demand for a trial by jury and on November 22, 1967, an order was entered setting the cause for a jury trial. The cause was called for trial on February 13, 1968, and immediately prior to voir dire the judge and counsel for the parties had a discussion concerning the propriety of proceeding with a trial by jury. No specific objection to the procedure proposed by the judge was raised and the attorney for the defendants seemed to have consented to the rulings of the trial judge concerning the proper procedure to be followed. After the jury trial had commenced, the defendants filed a written motion to strike the plaintiffs’ request for a trial by jury.
Generally, irregularities in chancery practice which have been committed •with the consent of the defendant are not available to reverse a final decree against ihim. Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927). Even assuming error argu-endo, (see Lincoln Tower Corp. v. Dunhall’s-Florida, Fla. 1952, 61 So.2d 474), we do not find reversible error under the facts and circumstances of the instant case. See Fla.Stat. § 54.23, F.S.A.; Hightower v. Bigoney, Fla. 1963, 156 So.2d 501, 17 A.L.R.3d 1308; 20 Fla.Jur. Jury § 15.
We have considered the other points for reversal raised by the plaintiffs but after consideration of the record on appeal and the briefs have found them to be without merit.
The final judgment is, therefore,
Affirmed.