CARROLL, Judge.
This is an appeal by the defendants below from a judgment entered on a jury verdict, in an action on a promissory note.
The factual background was the following. In 1964 the defendants, then owners of a small shopping center in Boca Raton, Florida, sold the property to the plaintiffs, who thereupon leased it back to the defendants on a long term lease. The property was subject to an outstanding first mortgage. Shortly after the sale and lease back, the defendants arranged to obtain a loan, up to $150,000, to be used for constructing an additional store building on the property, intended to house a Walgreen Drug Store. The lender was Boca Raton Capital Corporation. The defendants executed and delivered to the corporation their promissory note for $150,000. Provision was made therein for payment of principal and interest in monthly installments for a period of five years, with the balance then to be payable. Interest at the rate of 10% per annum was provided for. The plaintiffs were not parties to or obligated on that promissory note.
*543 To secure the defendants’ note to Boca Raton Capital Corporation, the plaintiffs (owners) at the request of the defendants (lessees) joined the latter in executing a second mortgage on the shopping center property to the corporation. The mortgage contained a clause stating “the proceeds of said loan to be used for completion of construction of improvements on said premises.”
After a period of approximately a year and a half, during which time the intended building had not been constructed, payments on the first mortgage were in default and lessees were in default under the loan and on their promissory note held by the corporation. Declaring upon the default under the lease, the plaintiffs sued for and obtained cancellation of the lease and regained possession of the property from the defendants. The holder of the second mortgage commenced foreclosure on the second mortgage. The amount alleged to be due in the foreclosure suit was $117,000 which had been advanced by the lender, plus interest and attorney fees.
To obviate foreclosure of the second mortgage the plaintiff paid the mortgagee the amount due the latter on the note, and the mortgagee assigned the note to the plaintiffs. Thereupon the plaintiffs filed this action against the defendants on the promissory note. Judgment was rendered in favor of the plaintiffs for $117,000 with interest of $27,787.50, plus certain costs, and the defendants appealed.
The appellants present a number of contentions in seeking reversal of the judgment. On consideration thereof in the light of the record and briefs we find those contentions to be without merit, and that the appellants have failed to demonstrate reversible error. One of the contentions of the appellants which in our view deserves discussion is that an error was committed by the trial judge by computing and stating the amount of interest in the judgment, where the verdict of the jury had awarded damages for a stated principal sum and had made provision in the verdict for recovery of interest by the plaintiffs, without fixing the amount of the interest.
In the charge to the jury they had been informed by the court that a verdict for the plaintiffs could include interest. The verdict rendered by the jury was as follows : “We, the Jury find for the Plaintiffs Joseph Drapkin and Frieda M. Drap-kin, and assess their damages at $117,000.-00, plus interest.” Upon entering judgment thereon, the trial court computed the interest due in the amount of $27,787.50 and included the same in the judgment.
In contending that such action of the trial court was error, the appellants cite and place reliance on Cary & Co. v. Hyer, 91 Fla. 322, 107 So. 684; Shoup v. Waits, 91 Fla. 378, 107 So. 769; State ex rel. Boulevard Mortgage Co. v. Thompson, 113 Fla. 419, 151 So. 704; Bailey v. Swartz, Fla.App.1957, 97 So.2d 310; Wabash Fire & Casualty Insurance Co. v. Holloway, Fla.App.1962, 139 So.2d 145. In those cases, where it was held it was improper for the court to add interest to the verdict or in the judgment, the verdicts as rendered did not include or make provision for interest. For example, in the Hyer case the Supreme Court noted: “There was no specific mention of interest” [in the verdict]. And in the Boulevard Mortgage case the Supreme Court said: "It is clear from the verdict in this case that the jury did not intend to allow interest.” Therefore, those decisions hold that where a verdict fails to provide for interest the court may not add or supply it in the judgment.
This case stands on a different footing. Here the verdict shows intention of the jury that the plaintiffs should recover interest, and the verdict expressly provided for interest, without, however, computing and stating the amount thereof. Where a jury, which has been instructed by the court that upon awarding damages in a principal amount they could or should include certain interest, renders such a ver- *544 diet in which they provide for the plaintiff to recover interest, but fail to state the amount of the interest, it is not reversible error for the trial court to include in the judgment the interest which is lawfully due. It would be better practice for the trial court to return the verdict to the jury in such instance for them to compute and include the interest in their verdict. One advantage in that procedure would be avoidance of a time-consuming contest over the propriety of the trial court determining and including the amount of interest (where the verdict provides for such interest) rather than having the jury perform that arithmetic exercise.
Affirmed.