266 So.2d 38 (1972)
Herman GRAYSON, Appellant,
v.
A.M. FISHLOVE and Lester J. Rosenberg, As Co-Executors of the Estate of Irving Fishlove, Deceased, Appellees.
Nos. 71-250, 71-251.
District Court of Appeal of Florida, Third District.
July 18, 1972.
Rehearing Denied September 18, 1972.
Herman Grayson, in pro per.
Feibelman, Friedman, Britton & Stettin and Arnold D. Schatzman, Miami, for appellees.
Before PEARSON, and CHARLES CARROLL, JJ., and HOWELL, CHARLES COOK, Jr., Associate Judge.
PEARSON, Judge.
This is a consolidated appeal, after a trial by jury, from an amended final judgment entered February 10, 1971, which in all respects confirmed the final judgment entered *39 December 29, 1970. When the jury returned the verdict, $2,900 was awarded to the plaintiffs, but the amended final judgment further granted $488.65 in interest, $122.50 in costs, and $1,500 in attorney's fees.
The essential facts may be briefly outlined. Irving Fishlove died March 1, 1968. The defendant-appellant, Herman Grayson, and his wife, Vivian, were sued by the co-executors of the Fishlove estate. The suit demanded payment of three promissory notes, the total value being $3,600. Three notes were signed by the appellant, while two were signed by his wife. The appellant and his wife admitted signing the notes, but pleaded that they paid the $3,600 in full. The appellant also counterclaimed for $4,750, which he contended was the reasonable value of legal services performed for the decedent during a six year period preceding Mr. Fishlove's death. The appellees conceded that the appellant had paid $700 of the $3,600 owed on the notes. While the appellant's plea of full payment proved unavailing, his wife was able to successfully invoke the protection of Fla. Const. Art. XI, § 1 (1885), as a defense.
The appellant offers five points for our review. The first point urges that the trial judge committed reversible error in applying the Dead Man's Statute, Fla. Stat. § 90.05, F.S.A., to exclude evidence concerning appellant's counterclaim for legal services, although the court correctly ruled that the plaintiffs had waived the application of the statute as to appellant's claim of payment of the notes. We hold that the actions of the trial judge were proper. The counterclaim was an independent action demanding compensation for legal services performed for the decedent during a period of time that the decedent was an administrator cum testamento annexo, and a co-trustee of a testamentary trust involving intricate legal problems. The counterclaim did not arise out of the same transaction or occurrence comprising the subject matter of the appellees' complaint, and therefore was not a compulsory counterclaim. Rule 1.170, R.C.P., 30 F.S.A. Under such circumstances, it was proper for the trial court to refuse to apply the plaintiffs' waiver of the Dead Man's Statute to testimony which concerned the counterclaim. See Embrey v. Southern Gas & Electric Corp., Fla. 1953, 63 So.2d 258, 263.
Appellant's third point claims error because the trial court excluded certain documentary exhibits from being admitted into evidence which supported appellant's claim for attorney's fees for legal services rendered to the decedent. We hold that it affirmatively appears from appellant-counterclaimant's own evidence that the claim was not a proper charge against the decedent personally. Therefore we do not further consider the trial court's refusal to admit the documents on the ground that no harmful error could possibly have resulted. Fla. Stat. § 59.041, F.S.A. See Coral Plaza Corporation, Inc. v. Hersman, Fla.App. 1969, 220 So.2d 672.
The fourth point urges error because the trial court assessed interest on the value of the notes. Although the complaint in this action claimed interest as an element of damages, it appears from the record that appellees did not request the trial judge to instruct the jury on the question of awarding interest, and, in fact, no other instructions were submitted to the jury from which it could reasonably conclude that interest should be assessed. In all probability, the verdict for $2,900 represented the remaining principal found to be due on the notes, the appellant's payment of $700 having been subtracted. After the jury returned this verdict, the appellees moved for imposition of interest, and the trial court responded by adding $488.65 as interest. The trial court computed this interest from April 18, 1968, the date of a letter that appellees' counsel had sent to the appellant demanding payment of the notes. It is worth indicating that the appellees have filed a cross assignment of error claiming additional interest. They claim that since the notes were demand notes, *40 the court should have allowed interest from the date that the notes were executed. We hold that under the circumstances of this case, the trial court was powerless to assess any interest as an additional element of damages after the jury failed to do so. See Wabash Fire and Casualty Insurance Company v. Holloway, Fla.App. 1962, 139 So.2d 145.
The case at bar is clearly distinguishable from Cantor v. Drapkin, Fla.App. 1971, 251 So.2d 542. In the Cantor decision, while the court reiterated the rule that in cases "where a verdict fails to provide for interest the court may not add or supply it in the judgment", it nevertheless upheld the allowance of interest by a jury. The court explained the circumstances of that case as follows:
* * * * * *
"In the charge to the jury they had been informed by the court that a verdict for the plaintiffs could include interest. The verdict rendered by the jury was as follows: `We, the Jury find for the Plaintiffs Joseph Drapkin and Frieda M. Drapkin, and assess their damages at $117,000.00, plus interest.' Upon entering judgment thereon, the trial court computed the interest due in the amount of $27,787.50 and included the same in the judgment." (Emphasis supplied)
* * * * * *
By contrast, in the case at bar, the verdict reported by the jury simply states: "We the Jury find for the Plaintiffs and assess their damages at $2900.00." We therefore hold that the judgment must be reversed as to the amount of interest allowed, and appellees' cross assignment of error is held to be without merit.
Appellant's fifth point urges error because of the amount of attorney's fees allowed. It is arguable that the award of attorney's fees was considerable in view of the fact that the recovery was small. Nevertheless, after analyzing the other factors involved in an assessment of attorney's fees, we hold that no error has been demonstrated. It is clear that this was a bitterly contested piece of litigation which was not only time consuming but required more than routine legal services. Under these circumstances, we cannot say that the trial judge committed reversible error because he assessed a sum for attorney's fees in excess of the amount usually allowed in a suit of this kind.
The judgment appealed is affirmed in part and reversed in part, and the cause is remanded to the trial court with directions to enter a second amended final judgment eliminating the item of interest from the amount of judgment.