HENDRY, Judge.
Appellant defendants and counter-plaintiffs seek review of a final judgment based upon a jury verdict in favor of the appellees wherein the jury found for appellees in their claim for conversion of certain shares of corporate stock and for the appellants on a counter-claim based on a promissory note. The jury’s verdict assessed damages •in favor of the appellee plaintiffs in the amount of $78,125.62 less $38,470.80 found due on the counter-claim. Subsequently, the trial court, on motion, added the sum of $10,967.55 as accrued interest to the final j udgment.
The appellants present a number of contentions in seeking reversal of the judgment. On consideration thereof in light of the record, briefs and arguments of counsel, we find all appellants’ contentions to be without merit, save one, to-wit: it was error for the trial judge to award interest subsequent to a jury verdict that omitted any finding as to interest.
We are of the opinion that under the facts and circumstances of this case, the trial court was unauthorized to assess any interest as an additional element of damages after the jury had failed to do so. Grayson v. Fishlove, Fla.App.1972, 266 So.2d 38; Vacation Prizes, Inc. v. City National Bank of Miami Beach, Fla.App.1969, 227 So.2d 352; Wabash Fire & Casualty Ins. Co. v. Holloway, Fla.App. 1962, 139 So.2d 145. Factually, the instant cause differs from Cantor v. Drapkin, Fla.App.1971, 251 So.2d 542 in that the jury in no way indicated their desire or intent to include interest in their damage award. We, therefore, affirm the judgment as to the amount assessed by the jury and set forth in its verdict, to-wit: “We, the jury, find for the plaintiffs on their claim and for the defendant in their counterclaim and assess for the plaintiffs damages in the sum of $78,125.62 less $38,470.80 — Total—($39,654.-82) Dollars”, and reverse that part of the judgment that allowed interest in said claim in the amount of $10,967.55.
Affirmed in part and reversed in part.