350 So.2d 502 (1977)
COMMODORE PLAZA AT CENTURY 21 CONDOMINIUM ASSOCIATION, INC., et al., Appellants,
v.
Norman COHEN, Trustee, Appellee.
Nos. 76-767, 76-1010, 76-1225, 77-536 and 77-538.
District Court of Appeal of Florida, Third District.
September 20, 1977.
Rehearing Denied October 25, 1977.
*503 Joseph S. Paglino, Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Gerald F. Richman, Miami, for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
BARKDULL, Judge.
Commodore Plaza at Century 21 Condominium Association, Inc., defendant/counter-plaintiff/lessee in the trial court, appeals from 5 orders, all arising out of a single circuit court case between the parties.
On March 21, 1973, plaintiff (Norman Cohen, Trustee), the assignee-lessor of rights under a ninety-nine year lease which had previously been entered into between Saul J. Morgan, et al., as lessors, with the Association, as lessees, filed a complaint against the lessees for the appointment of a receiver, an injunction, punitive damages, and the recovery of lease rental payments due under the ninety-nine year lease between the parties, together with attorney fees and interest. The lease provided for rental payments of the recreational area of the condominium properties, at the rate of $19,620.00 per month.[1] At the time of the filing of the complaint, it was alleged that the lessees were in default in the amount of $48,708.86. At the time of the filing of the complaint, the plaintiff sought the appointment of a receiver; in lieu of the appointment of a receiver, the trial court required the rental monies due from the Association to be deposited into the registry of the court.[2]
During the course of the proceedings, the Association made a formal tender of possession of the leased premises to the owner/lessor, contending the .46% of an acre [which included a beach area which faced on Morgan Bay or Maule Lake] was unusable and constituted a public nuisance because the owner/lessor failed to obtain a permit for a bathing facility pursuant to Section 514.03, Florida Statutes (1973).
*504 At trial, the lessor entered voluntary dismissals against certain of the individual defendants named in the complaint, and the trial court entered a directed verdict[3] on the lessor's claim for rentals due under the lease, except for those rental monies covered by an escalation clause of the lease. The case then went to a jury on a special interrogatory for a determination of whether or not the bathing beach was a nuisance in fact. The jury found a nuisance in fact did not exist. On April 8, 1976, the trial court entered a final judgment,[4] wherein the court determined that the Association was obligated to lessor in the sum of $887,784.72, of which $140,179.17 was due to an escalation clause or cost-of-living clause, that sum to be withheld pending a decision on that question in a cause then pending in the Supreme Court of Florida. The court ordered the Association to pay lessor $747,605.57; the court further ordered that the $140,179.17 be placed in an interest-bearing bank account.
Thereafter, a hearing was held on the question of costs and interest. On May 11, 1976, after hearing, the trial court entered an order and final judgment on costs and interest.[5] The court determined that the Association was indebted to the lessor in the sum of $86,600.70 as interest and court costs. Of this sum, $77,908.00 was allocated as interest and the balance of $7,698.90 as costs. The court offset the sum of $658.36 as costs taxed in favor of the individual defendants who had been dismissed by the lessor, and entered a total cost judgment for lessor in the sum of $84,942.34.
At another hearing held on June 15, 1976 on the question of attorney's fees, the trial court entered an order dated June 17, 1976, awarding fees of $155,000.00 to the lessor's attorneys.[6]
On December 29, 1976, the lessor filed "Motion for Distribution of Monies in Accordance With Final Judgment and Supreme Court Decision",[7] requesting that the leasehold rentals that were attributable to the escalation clause of the lease, plus all of the monies that have been deposited in the interest-bearing account pursuant to stipulation, be distributed to the lessor, Norman Cohen, Trustee. On February 22, 1977, the trial court entered an order on distribution of monies pursuant to the final judgment and Supreme Court decision.[8] The court awarded the sum of $271,596.62 to the lessor, representing the sums due under the lease through February 10, 1977. Thereafter, on March 10, 1977, the trial court entered final judgment on the amount found to be owing in the previous order on distribution.[9] The trial court ordered the Association to pay to the lessor, Norman Cohen, Trustee, the sum of $271,596.62.
This court ordered that all of the appellate cases be consolidated for all appellate purposes.

APPELLATE CASE NO. 76-767
In support of this appeal, the appellant contends that upon showing the appellee had failed to obtain a permit pursuant to Section 514.03, Florida Statutes (1973), the operation of the beach in the instant case became a nuisance as a matter of law [pursuant to the terms of Section 514.06, Florida Statutes (1973)], to be decided by the trial court, not the jury. The appellant further contends that by virtue of said nuisance there was a constructive eviction as to at least a portion of the demised premises and it was therefore error to fail to abate a portion of the rental attributable to that *505 eviction. We find these points to be without merit.
There was substantial competent evidence before the jury upon which it could have determined that use of the demised premises did not constitute a nuisance in fact. Thus, there must be a showing in the instant case that the appellee violated one of the provisions of Ch. 514, Florida Statutes (1973), in order to impose the sanctions provided for by Section 514.06, Florida Statutes (1973). The appellant presupposes, by its argument, that the appellee must have a permit and, therefore, is in violation of Ch. 514, Florida Statutes (1973). The appellee, on the other hand, has alleged that in cases such as the instant case, where uncontrolled waters are involved, the State agency charged with enforcement of Ch. 514, Florida Statutes (1973) does not issue permits. Therefore, a question of fact was raised as to necessity that the appellee herein obtain a permit pursuant to Section 514.03, Florida Statutes (1973). The jury, by its verdict, impliedly found in favor of the appellee on this question and, inasmuch as the record contains substantial competent evidence to support such a finding, we will not disturb that verdict. South American Fire Insurance Company v. Maxwell, 274 So.2d 579 (Fla. 3rd D.C.A. 1973); Thompson v. Jacobs, 314 So.2d 797 (Fla. 1st D.C.A. 1975). Furthermore, in reviewing the record before us we find that the trial judge at pre-trial conference, held February 27, 1976, stated:
* * * * * *
"* * * the court has determined that failure to obtain a permit to construct a beach is not a defense to payment of the rents due under the lease. * * *"
* * * * * *
Thus, the appellant has at least had a determination as a matter of law of a portion of its point on appeal.

APPELLATE CASES NOS. 76-1010 and 76-1225
By these appeals, the appellant seeks review of the propriety of the trial court's award of interest to the appellee and the award of attorney fees, entered by the trial court in the appellee's favor. As our decision thereon is based on the same theories of law, we shall discuss both these cases simultaneously.
In the instant cases, the trial court [subsequent to the entry of the jury verdict and the entry of the final judgment] held a hearing on the question of costs, after which he awarded interest to the appellee on the final judgment. Another post-judgment hearing resulted in the appellee being awarded attorney fees.
In actions at law, interest and attorney fees are properly recoverable as a part of damages in a breach of contract case and, as such, are to be determined by the jury where a case is tried by a jury. Wabash Fire and Casualty Company v. Holloway, 139 So.2d 145 (Fla. 3rd D.C.A. 1962); Riess v. Goldman, 196 So.2d 184 (Fla. 3rd D.C.A. 1967); Grayson v. Fishlove, 266 So.2d 38 (Fla. 3rd D.C.A. 1972); Franklin v. Boyd, 272 So.2d 191 (Fla. 3rd D.C.A. 1972); Schulman v. Cort Aviation Corporation, 330 So.2d 114 (Fla. 3rd D.C.A. 1976); Newcombe v. South Florida Business Negotiators, Inc., 340 So.2d 1192 (Fla. 2nd D.C.A. 1976); 18A Fla.Jur., Interest, § 18. Where the jury, in its verdict, fails to allow or indicate a desire to allow interest and/or attorney fees, there is no authority for the trial judge to assess interest over and above the jury verdict. Wabash Fire and Casualty Company v. Holloway, supra; Riess v. Goldman, supra; Grayson v. Fishlove, supra; Franklin v. Boyd, supra; Schulman v. Cort Aviation Corporation, supra; Newcombe v. South Florida Business Negotiators, Inc., supra; 18A Fla.Jur., Interest, § 18.
Prior to the trial of this cause, the appellant insisted upon its right to trial by jury of all issues raised by the pleadings. Notwithstanding this demand, the trial court determined to submit the cause to the jury on special interrogatories. Both sides were requested to submit interrogatories they desired to be submitted to the jury for its determination. The appellee failed to *506 submit any interrogatories pertaining to interest and/or attorney fees, and there was no evidence before the jury upon which it could determine those issues. After a conference on the issues to be submitted to the jury, the cause was sent to the jury on an interrogatory to primarily determine whether or not the leased premises constituted a nuisance. Failure of the appellee to present these questions as to interest and/or attorney fees by special interrogatory in an action at law would constitute a waiver of any entitlement for these elements of damages [Newcombe v. South Florida Business Negotiators, Inc., supra], and the trial court would ordinarily have no authority to assess these items of damages against the appellant. However, a review of the pleadings in this cause reveal that the complaint, the affirmative defenses raised in the answer, and the counterclaim have all raised issues that were both equitable in nature and questions at law.
The trial court, prior to sending the cause to the jury, severed the equitable and legal issues and determined the equitable issues in favor of the appellee, finding the appellant liable for rentals under the terms of the lease. This finding was subject to modification only in the event the jury found the existence of a nuisance, which it did not do. Subsequent to the jury's determination, the trial court held a hearing where the contents of the final judgment in Case No. 76-767 were determined. At said conference, the appellant did not object to the trial court's reservation of jurisdiction to determine interest or attorney fees. Furthermore, the appellant did not raise this issue on appeal in Case No. 76-767. At subsequent hearings on the questions of interest and/or attorney fees, the appellant did not challenge this reservation of jurisdiction nor did it request a jury trial on either of these issues prior to hearing thereon, as permitted by the ruling in Riddle Airlines, Inc. v. McGahey, 144 So.2d 92 (Fla. 3rd D.C.A. 1962). Therefore, having acquiesced in these procedures, the appellant cannot now challenge the trial court's authority to determine these issues. State Road Department v. Lewis, 190 So.2d 598 (Fla. 1st D.C.A. 1966); Dade Air Conditioning and Heating Corp. v. Jannach, 218 So.2d 193 (Fla. 3rd D.C.A. 1969); Holmes v. School Board of Orange County, 301 So.2d 145 (Fla. 4th D.C.A. 1974). The other points raised by the appellant, by its appeals from orders awarding interest and attorney fees, we find to be without merit. See: Teate v. Anderson, 122 Fla. 81, 164 So. 849 (1935); Penn-Florida Hotels Corporation v. Atlantic National Bank of Jacksonville, 126 Fla. 344, 170 So. 877 (1936); Parker v. Brinson Construction Company, 78 So.2d 873 (Fla. 1955); Huntley v. Baya, 136 So.2d 248 (Fla. 3rd D.C.A. 1962); Belman Hotel Corporation v. Maher, 170 So.2d 591 (Fla. 3rd D.C.A. 1965); English and American Insurance Company Limited v. Swain Groves, Inc. 218 So.2d 453 (Fla. 4th D.C.A. 1969).
Therefore, we hereby affirm the orders appealed in Cases Nos. 76-1010 and 76-1225, on the present record, subject to modification after further proceedings as hereinafter provided.

APPELLATE CASES NOS. 77-536 and 77-538
The appellant in these cases seeks review of an order of the trial court requiring disbursement of those funds representing the escalated rentals to the appellee, and a final judgment for the amount of said funds. Ruling on the escalated rentals was deferred by the trial court, pending the Supreme Court determining the validity of Section 711.231, Florida Statutes (1975). Jurisdiction was retained by the trial court to order distribution of the escalated rentals based upon that ruling.
During hearings before the trial court on contents of the final judgment to be entered in this cause, considerable controversy arose as to the distribution of the escalated rentals paid into the registry of the court. The appellant contended at length that the escalated rents should not be distributed to the appellee, pending determination of the validity of Section 711.231, Florida Statutes (1975). The controversy was resolved by *507 the parties agreeing to the trial court's deferring of ruling on the distribution of the escalated rentals, pending determination of that issue by the Supreme Court of Florida. Arsenault v. Thomas, 104 So.2d 120 (Fla. 3rd D.C.A. 1962); Union Trust Company v. Baker, 143 So.2d 565 (Fla. 2nd D.C.A. 1962); Holmes v. School Board of Orange County, 301 So.2d 145 (Fla. 4th D.C.A. 1974). Therefore, we find no error in the order and judgment appealed in Cases Nos. 77-536 and 77-538, and hereby affirm.
Lastly, this court, by its order of May 2, 1977, permitted the appellant to file a supplemental brief wherein it alleged error on the part of the trial court in dismissing the appellant's original answer and counterclaim, wherein the appellant alleged [as affirmative defenses] unconscionability of the leasehold and unconscionability of the amount of rental for the facilities provided. The appellant also counterclaimed, alleging [among other things] that the appellee was unjustly and illegally enriched under the terms of the lease. In support of its contention, the appellant relies on Avila South Condominium Association, Inc. v. Kappa Corporation, 347 So.2d 599 (Fla. 1977).
Inasmuch as the trial court did not have the benefit of Avila South Condominium Association, Inc. v. Kappa Corporation, supra, in reaching its decision, we hereby remand this cause to the trial court for reconsideration of the appellant's original pleadings in light thereof and for further proceedings not inconsistent therewith.[10] In this regard, if it is the trial court's final determination to modify the rental due under the lease, pursuant to the principles announced by the Supreme Court in Avila South Condominium Association, Inc. v. Kappa Corporation, supra [which would relate back to the time of the filing of the counterclaim], then the trial court should reconsider [in addition to the amount of rent that may be due] the amount of attorney fees and interest. If the trial court should ultimately alter the terms of the lease because it finds it to be unconscionable, then the rent would have to be adjusted accordingly and, if the rent has already been paid, then the trial court may have to make appropriate provisions to require the return of that part of the rent paid which represents unconscionable rent, or it may determine to apply such excess payments to future payments. In other words, the trial court may be required to do equity between the parties in light of all the circumstances, including the length of time that this litigation has been pending.
Affirmed in part, reversed in part, and remanded with directions.
NOTES
[1] The lease provided, in regard to attorney fees:

"* * * In any proceeding arising by reason of an alleged failure of the Lessee to perform any of its duties and obligations pursuant to the provisions hereof, or by reason of an alleged breach of any of the terms and/or conditions or covenants of this Lease, or by reason of any default in the payment of any monies, rentals or sums due or becoming due under the terms and provisions hereof, or by reason of any action by the Lessor to require the Lessee to comply with its duties and obligations hereunder, the Lessor shall, in the event it shall prevail in such action, be entitled to recover its reasonable attorney's fees incurred, * * *"
[2] * * * * *
"THIS CAUSE came on before the Court on Plaintiff's Motion for the Appointment of a Receiver and the Court having considered said Motion, heard testimony of the Plaintiff, NORMAN COHEN, Trustee, heard arguments of counsel and being otherwise duly advised in the premises, it is hereby:
"ORDERED and ADJUDGED that the Motion for Application of a Receiver be and the same is hereby denied provided, however, that the Defendant Association be and the same is hereby ordered to place into the Registry of the Court or into such bank account or other interest-bearing form of account as is mutually agreed upon by counsel for the respective parties, the sum of $48,708.86, plus the monies due under the terms of said lease for the months of February, March and April, 1973 not later than ten (10) days from the date hereof. In the event said monies are placed in an interest-bearing account, all interest thereon shall become the property of the prevailing party. It is further
"ORDERED and ADJUDGED that all further monthly rentals as stated under the terms of the lease shall be paid in the same manner as aforesaid on the first day of each month thereafter pendente lite until further Order of Court."
* * * * * *
[3] While the trial judge stated he directed a verdict, it is clear that what he had in fact done, was to enter a summary judgment on this issue.
[4] This is the subject matter of appeal filed under Clerk's File No. 76-767.
[5] This is the subject matter of appeal filed under Clerk's File No. 76-1010.
[6] This is the subject matter of appeal filed under Clerk's File No. 76-1225.
[7] Fleeman v. Case, 342 So.2d 815 (Fla. 1976).
[8] This is the subject matter of appeal filed under Clerk's File No. 77-536.
[9] This is the subject matter of appeal filed under Clerk's File No. 77-538.
[10] In this connection, see: Evans v. St. Regis Paper Company, 287 So.2d 296 (Fla. 1973); also, Ch. 77-221, Laws of Florida (1977).