PER CURIAM.
Appellants Royal Caribbean Cruise Lines A/S and Poseidon Services, Ltd., seek reversal of a judgment awarding appellee Sesto Caproli prejudgment interest.
Appellee filed an action under the Jones Act, 46 U.S.C.A.App. § 688 (West 1986), and under general maritime law for unseaworthiness and maintenance and cure claims against appellants, his employers, after he fell during stormy seas and suffered injuries. Pursuant to a jury verdict, the trial court ■ entered judgment on the Jones Act and unseaworthiness claim and a separate judgment on the maintenance and cure claim. This court affirmed. Royal Caribbean Cruise Lines, A/S v. Caproli, 492 So.2d 376 (Fla. 3d DCA 1986). Subsequently, the court awarded appellee prejudgment interest on both judgments.
The order granting the motion for prejudgment interest stated that the court “not[ed] the agreement of counsel in open court, that this Court has discretion to make such awards.” Appellants disputed the stipulation and the court’s discretion in a motion to vacate the order. The trial court denied appellants’ motion.
Because the record reflects that appellants agreed to the judgment, they are not entitled to review. See, e.g., Cannon Sand & Rock, Inc. v. Maule Indus., Inc., 203 So.2d 636, 638 (Fla. 3d DCA 1967) (review is precluded “under the established principle that one may not seek review of a judgment entered with his consent or under which he has accepted benefits.”). Cf. Dept. of Health and Rehabilitative Servs. v. G & J Inv. Corp., 13 F.L.W. 2510 (Fla. 3d DCA Nov. 15,1988) (party may not agree to order and then attempt to recover damages for its wrongful issuance). Accordingly, we do not address the issue of appellee’s right to prejudgment interest.
AFFIRMED.